GEORGE FRANKLIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 28, 1913.

1. It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its reception, or of such circumstances as would put a man of ordinary intelligence and caution on inquiry.

2. Where a particular fact is an essential element in the commission of a crime, and in a prosecution for such a crime there is no evidence showing the essential fact, and no evidence from which the existence of such essential fact may fairly be inferred, a verdict of guilty of the crime of which such non-proven fact is an essential part, may be set aside by an appellate court.

3. In a prosecution for receiving stolen goods knowing them to have been stolen, where there is nothing in the evidence tending to show the defendant knew the goods were stolen, and no evidence that reasonably should have put him upon inquiry, a verdict of guilty is unauthorized by law.

Writ of error to Criminal Court of Record, Duval County; John S. Maxwell, Judge.

Judgment reversed.

*Lionel F. Brothers,* for Plaintiff in error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Franklin was convicted of receiving stolen goods knowing them to have been stolen, and took writ of error.

It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its reception, or of such circumstances as would put a man of ordinary intelligence and caution on inquiry. Minor v. State, 55 Fla. 90, 45 South. Rep. 818.

Where a particular fact is an essential element in the commission of a crime, and in a prosecution for such a crime there is no evidence showing the essential fact, and no evidence from which the existence of such essential fact may fairly be inferred, a verdict of guilty of the crime of which such non-proven fact is an essential part, may be set aside by an appellate court. See McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Baker v. State, 54 Fla. 12, 44 South. Rep. 719.

The uncontradicted evidence shows that about dark Saturday night the defendant Franklin reluctantly allowed boxes of goods to be put in his store by a person who asked that they be allowed to remain there over Sunday. Within thirty minutes after they were put in the store officers asked if anyone had left anything there lately. Franklin promptly showed the boxes to the officers and told them when and why they were put there. There is nothing in the record to indicate that Franklin knew the goods were stolen, and there are no circumstances in evidence that were calculated to put him upon inquiry or to lead to the conclusion that Franklin knew

the goods were stolen. Minor v. State, *supra.* This being so an essential element of the alleged crime has not been proved, and the judgment of conviction is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCK-ER, J. J., concur.