JOHN WORSTER, JR., *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 17, 1921.

1. Where a particular fact is an essential element of a crime, and in a prosecution for such crime there is no evidence showing the essential fact and no evidence from which the existence of such fact may be fairly inferred, a verdict of guilty of the crime of which such non-proved fact is an essential element will be set aside by an appellate court.

2. It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its reception, or of such circumstances as would put a man of ordinary intelligence and caution on inquiry.

3. Evidence in this case examined and found insufficient to sustain a conviction.

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Reversed.

*Van C. Swearingen* and *Wm. C. Guthrie,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WEST, J.—Plaintiff in error was informed against in the Criminal Court of Record of Duval County upon a charge of receiving, buying and aiding in the concealment of certain stolen personal property knowing the same to have been stolen. At the trial a verdict of guilty as charged was returned. Sentence was imposed and writ of error taken to review the judgment pronouncing sentence.

Several assignments of error raise questions of procedure in the trial of the case but the conclusion reached renders it unnecessary to discuss more than one of them.

One of the essential elements of the crime charged is knowledge by the accused at the time of the reception or concealment of the goods alleged to have been received or concealed that they had been previously stolen. Section 5138 Revised General Statutes of Florida; Franklin v. State, 66 Fla. 213, 63 South. Rep. 418; Minor v. State, 55 Fla. 90, 45 South. Rep. 818. In the absence of proof of this element a conviction cannot be upheld.

In this case the property alleged to have been stolen was an automobile tire. It appears from the record that the person accused of the theft admitted it and entered pleas of guilty. At the trial of plaintiff in error they testified that at his direction they placed the tire under the house in which he lived; that he was to sell it for them and that he advanced to them a sum of money on it; but there is no proof of knowledge on his part that the property was stolen. His relation to the transaction is not inconsistent with innocence. It may be that upon another trial proof of this element can be supplied, but in its absence there

was error in the Court's order overruling the motion for new trial. For this error the judgment must be reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.