GEORGE KNOWLES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed September 15, 1923.

1. The office of a motion in arrest of judgment is to present errors apparent upon the record; it is not available to reach errors not apparent upon the record.

2. The granting or overruling of a motion for a bill of particulars, made by defendant in a criminal case, rests largely in the discretion of the trial court.

3. It is not harmful error to deny to a defendant, upon his application, a more complete bill of particulars of a charge contained in a count of an indictment, upon which count he is acquitted.

4. It is not harmful or criticisable by defendant, in a trial upon an indictment charging the offense of receiving stolen property, knowing it to have been stolen, and aiding in the concealment of stolen property, knowing it to have been stolen, by appropriate instruction to define the crime of larceny and instruct the jury that the defendant must have known at the time he received or aided in the concealment of the property, if he did receive or aid in concealing it, that it was stolen property.

5.  All fair intendments will be made to sustain a verdict in a criminal case, and where the language employed is not so ambiguous as to render its meaning doubtful, the verdict will be upheld.

6.  Where, because of the inconclusive character of evidence of the crime of which the defendant was convicted, it appears that the ends of justice will be best subserved by a new trial, the judgment will be reversed and a new trial awarded.

7.  Evidence examined and found insufficient to sustain the verdict.

This case was decided by Division B.

A Writ of Error to the Criminal Court of Record for Dade County; W. Hunt Harris, Judge.

Reversed.

*Bart A. Riley,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C .McIntosh,* Assistant Attorney General, for the State.

WEST, J.—By an information containing three counts plaintiff in error was charged with (1) larceny of property of the value of more than $50; (2) receiving stolen property, knowing it to have been stolen, of the value of more than $50; and (3) aiding in the concealment of stolen property, knowing it to have been stolen, of the value of more than $50. The property was avacado pears. A motion to quash the information was denied. There was a motion to require the county solicitor to furnish defendant with a bill of particulars. In response to this motion a bill of particulars was filed. The attorney for

defendant then requested a bill of particulars "showing whether any one larceny was of property exceeding in value fifty dollars." This request was denied, to which ruling an exception was reserved. Upon a trial verdict was returned finding defendant guilty on the second and third counts as charged in the information and the value of the property to be more than $50. There was a motion in arrest of judgment, which was denied, whereupon defendant was adjudged guilty and sentence of the law was imposed committing him to prison. To review this judgment writ of error was taken.

The first assignment, based upon the court's ruling denying defendant's motion to quash the information, is abandoned.

The second presents the ruling denying the motion in arrest of judgment. The grounds of this motion are that the court erred (1) in denying defendant's motion for bill of particulars; (2) in denying defendant's motion to quash the information; (3) in denying defendant's motion for election, "after trial," (when the State rested) between the second and third counts of the information. Grounds of this motion indicate that counsel misconceives the function of a motion in arrest of judgment. Its office is to present errors which are apparent upon the record. Jordan v. State, 22 Fla. 528; Caldwell v. State, 43 Fla. 545, 30 South. Rep. 814; Harris v. State, 53 Fla. 37, 43 South. Rep. 311; Ephriam v. State, 82 Fla. 93, 89 South. Rep. 344. The first and third grounds refer to matters *in pais* presented by other exceptions to rulings of the trial court. The only ground of the motion which presents a question apparent upon the record, and that only in an indirect way, by importing into the motion, by reference, the grounds of the motion to quash, is the second, which alleges error in the ruling denying defendant's

motion to quash, and this point, though directly presented by the motion to quash, is expressly abandoned by counsel in the brief filed in this court.

The third assignment is based upon the ruling denying defendant's application for a more complete bill of particulars. The contention made in support of this assignment is fallacious for two reasons. The request is for particulars showing whether any one larceny was of property exceeding the value of $50 in value. The effect of the verdict was to acquit defendant upon the count in the indictment charging larceny. The particulars desired were with respect to this count. No injury therefore resulted, even though it should be conceded that the ruling was erroneous. Furthermore, the established rule in this jurisdiction is that the denial of a motion for bill of particulars, made by a defendant in a criminal case, will not be held an abuse of discretion in the absence of any showing that the bill of particulars was necessary in the proper administration of justice in such case. Brown v. State, 80 Fla. 741, 86 South. Rep. 574.

The fourth assignment alleges error in an instruction given defining the crime of larceny. The contention here is that in view of the state's election to ask for a conviction on only the second and third counts of the information, the charge of larceny was eliminated and therefore the instruction was inapplicable. The record of this election is contained in the transcript, but whether it was made before or after the court's instruction to the jury is not indicated. Besides, there was a request on behalf of defendant for an instruction prepared by his attorney defining the crime of larceny which the court refused. The theory generally of the State was that the defendant participated with others, who had previously plead guilty and were used as witnesses for the state in the trial of

the case, in the larceny of the property alleged to have been stolen, or, if he did not actually participate in the theft, that he knew of it and received the property from his alleged accomplices, knowing that it had been stolen, and concealed it, or assisted in its concealment, for a short period of time, with knowledge of the theft, and subsequently participated and assisted in making disposition of it and shared in the proceeds derived from its sale. There is evidence in the record tending to uphold this theory. Some of the property was found in the possession of the defendant and those who admitted that they had stolen it when they were discovered making disposition of it. Under the counts upon which there was a conviction proof beyond a reasonable doubt that defendant, prior to the time when he received the property or when he aided in its concealment, had knowledge of the larceny of the property, or of such circumstances as would put a man of ordinary intelligence and caution on inquiry, is essential to a conviction. Franklin v. State, 66 Fla. 213, 63 South. Rep. 418; Minor v. State, 55 Fla. 90, 45 South. Rep. 818. Defining larceny in an instruction given is simply defining the thing of which defendant must have had knowledge, which is an essential element of the crime charged. Larceny is a crime constituted of several distinct elements. To instruct the jury that defendant must have known at the time he received or aided in the concealment of the property that its taking contained all the elements of larceny, as the law defines it, was not inappropriate or criticisable. It could not have been harmful.

Other assignments based upon charges given and other charges requested and refused upon the probative value of the evidence of an accomplice and the caution with which such evidence should be received by a jury, do not require discussion. The charges given upon these points

fairly present this phase of the case to the jury. Nor can the assignment raising the question of the alleged defect in the form of the verdict be sustained. The language of the verdict is not so ambiguous as to render its meaning doubtful. Licata v. State, 81 Fla. 649, 88 South. Rep. 621. By it the defendant was found guilty on the second and third counts of the information and the value of the property was found to be more than $50.

The assignment based upon the court's ruling denying defendant's motion for new trial on the ground, among others, that the verdict is not supported by the evidence, presents a question requiring more serious consideration. The evidence on behalf of the State consisted principally of the testimony of defendant's three alleged confederates in the criminal enterprise, which seemed to be the larceny of avacado pears from a grove and their subsequent transportation, by means of an automobile of defendant, to places where sales could be effected and the proceeds realized divided among the participants. The larceny is admitted. There is evidence of an admission of defendant to a deputy sheriff, which he later denied. But the admission is as to the larceny of the property, of which he was acquitted, a crime distinct from that of which he was convicted. Adams v. State, 60 Fla. 1, 53 South. Rep. 451. None of the three witnesses, each of whom admitted his participation in the larceny, testified that the defendant was a party to it or that he had knowledge, prior to the time of the receipt by him of the stolen property for the purpose of transportation to prospective purchasers, that the property was stolen. There is little, if any, proof that the defendant concealed or had any part in the concealment of the stolen property. Nor can there be said to be proof of such circumstances as would put a man of ordinary intelligence or caution on inquiry. The evidence of

the three witnesses mentioned tends rather to exculpate the defendant. No motive for a desire by them to shield him is shown. None is apparent.

The ends of justice, we think, would be best subserved by a new trial, at which time if there is guilt it can be more clearly proved; so the judgment will be reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.

BROWNE, J., concurs in that part of the opinion that finds the evidence does not sustain the verdict.