ROBERT WINTON, ALIAS RAOUL TRUDELL, ALIAS ROBERT FREDERICK, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 13, 1924.

This case was decided by Division B.

1. It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its reception, or of such circumstances as would put a man of 'ordinary intelligence and caution on inquiry.

2. In a prosecution for receiving stolen property, knowing it to have been stolen, where there is nothing in the evidence tending to show that defendant knew at the time of its reception that the property was stolen and there is no evidence of circumstances such as would have put him on inquiry, a judgment of conviction should be reversed.

A Writ of Error to the Criminal Court of Record for Dade County, Tom Norfleet, Judge.

Reversed.

*L. A. Harris* and *G. C. McClure,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant Attorney General, for the State.

WEST, J.—Upon an information filed against him in the criminal court of record for Dade County, the defendant, plaintiff in error here, was tried and found guilty. To review the judgment imposing sentence upon him writ of error was taken from this court.

The information contains four counts. The first charges the felonious having, receiving and aiding in the concealment of certain Miramar Hotel bonds of the value of $700, knowing them to have been stolen. The second charges the defendant with feloniously having, receiving and aiding in the concealment of certain other securities, which are particularly described, of the value of $1500, knowing them to have been stolen. The third charges the larceny by the defendant of the Miramar Hotel bonds. And the fourth charges the defendant with the larceny of the securities described in the second count.

At the conclusion of the evidence the jury were instructed in effect that there was not sufficient evidence upon which to base a conviction upon counts two and four of the information. The verdict returned found defendant guilty as charged in the first count, found the value of the property to be more than $50, and found him not guilty as to the third count.

The only question presented is the sufficiency of the evidence to sustain the verdict of conviction.

The theft of the property in Dade County was sufficiently proved. Its possession by the defendant in the State of Iowa a short time after the theft was proved. But this is not sufficient. It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its

reception or of such circumstances as would put a man of ordinary intelligence and caution on inquiry. Minor v. State, 55 Fla. 90, 45 South. Rep. 818; Franklin v. State, 66 Fla. 213, 63 South. Rep. 418. There is in the record little, if any, evidence, that the stolen property was received by the defendant in Dade County as alleged, or that he had knowledge of the theft at the time he received it, or other evidence from which the existence of such essential fact may be fairly inferred. Because of the failure in the proof of this essential element of the crime alleged and failure to prove the venue as alleged, the judgment must be reversed for a new trial. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Franklin v. State, supra.

Reversed.

WHITFIELD, P. J., and TERRELL, J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.