N. STEPHENSON AND B. BIKE, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

### En Banc.

### Opinion Filed April 3, 1925.

1.  It is essential to a conviction of one charged with the crime of receiving stolen property that the evidence shall show to the exclusion of a reasonable doubt that the accused had knowledge that the property in question was stolen at the time he received it or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution on inquiry.

2.  When a necessary element of an offense charged is not established by a degree of proof sufficient to convict a verdict of guilty should be set aside.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Judgment reversed.

*Cromwell Gibbons,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

ELLIS, J.—The plaintiffs in error were informed against in the Criminal Court of Record for Duval County for having, receiving and buying certain stolen property, knowing the same to have been stolen. The goods alleged to have been received by the defendants consisted of twenty-one packages of cigarettes of the value of fifteen cents per package.

The defendants were convicted of the offense charged and brought a writ of error.

The errors assigned and argued are that the evidence is insufficient to support the verdict and that the court erred in all its charges to the jury.

The first assignment is well taken. It is essential to a conviction for receiving stolen property that the evidence shall show to the exclusion of a reasonable doubt that the accused had knowledge that the property in question was stolen at the time he received it, or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry. See Minor v. State, 55 Fla. 90, 45 South. Rep. 818; Franklin v. State, 66 Fla. 213, 63 South. Rep. 418; Worster v. State, 82 Fla. 463, 90 South. Rep. 188; Knowles v. State, 86 Fla. 270, 97 South. Rep. 716.

When a necessary element of an offense charged is not established by the degree of proof sufficient to convict, a verdict of guilty should be set aside. See McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Baker v. State, 54 Fla. 12, 44 South. Rep. 719.

The evidence tended to show that cigarettes of the brand of those which were found in defendants' possession were

stolen from a warehouse and had the mark upon them of the Union News Company.

The defendant Stephenson is a merchant in Jacksonville and has been engaged in such vocation for several years. B. Bike was an employee. The goods which were stolen from the warehouse were contained in a large package, or box, which contained many smaller boxes or cartons and were the property of the Union News Company.

The mere fact that the defendants may have had in his possession a few packages of cigarettes for sale of the same description as those which were stolen, and which he said he purchased from a dealer to temporarily replenish his stock of cigarettes, is not sufficient to establish his guilt or that of his employee.

Other circumstances which appeared in the evidence may have been suspicious, but cannot be regarded as exclusive of any reasonable theory inconsistent with that of guilt.

Upon consideration of the entire case we think the ends of justice require a reversal of the judgment.

Judgment reversed.

WEST, C. J., AND WHITFIELD, BROWNE AND TERRELL, J. J., concur.