JAMES WILLIAMS, *Plaintiff in Error*, VS. THE STATE OF FLORIDA, *Defendant in Error.*

143 So. 157.

En Banc.

Opinion filed July 19, 1932.

*William A. Hallowes, Jr., William A. Hallowes III,* and *William T. Harvey,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

TERRELL, J.—Plaintiff in error was tried and convicted in the Criminal Court of Record of Duval County on an information charging him with receiving and buying stolen property. He was sentenced to five years in the state penitentiary, to which judgment this writ of error was taken.

It is contended here that the evidence is insufficient to support the conviction, that the motion for new trial on the ground of newly discovered evidence was erroneously denied, and that the alleged stolen property was improperly admitted in evidence.

Section 5138 Revised General Statutes of 1920 (Section 7239 Compiled General Laws of 1927), the authority for the information, is leveled at those who buy, receive or aid in the concealment of stolen money, goods, or property, knowing the same to have been stolen. This Court has repeatedly held that knowledge of the stolen char-

acter of the goods or of circumstances that would put one on inquiry as to their stolen character, is essential to conviction under the statute. Worster vs. State, 82 Fla. 463, 90 So. 189; Winton vs. State, 87 Fla. 104, 99 So. 249.

Under former decisions of this Court the evidence is not sufficient to show knowledge of the stolen character of the goods or to put the defendant on inquiry as to such character. Minor vs. State, 55 Fla. 90, 45 So. 818; Worster vs. State, supra; Franklin vs. State, 66 Fla. 213, 63 So. 418; Stephenson vs. State, 89 Fla. 351, 104 So. 600; Winton vs. State, supra; Knowles vs. State, 86 Fla. 270, 97 So. 716. The evidence in this case at best, raises nothing more than a suspicion. We are also convinced that under the facts here presented the motion for a new trial on the ground of newly discovered evidence should have been granted. Howard vs. State, 36 Fla. 21, 17 So. 84; Adams vs. State, 55 Fla. 1, 46 So. 152; Tyson vs. State, 87 Fla. 392, 100 So. 254; Kawark vs. State, 19 Ala. App. 279, 97 So. 113.

Reversed.

ELLIS, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., AND WHITFIELD, J., dissent.