## TESS ARD v. STATE OF FLORIDA

22 So. (2nd) 819                                   June Term, 1945
July 17, 1945                                          Division B

*Coe & Eggart,* for appellant.

*J. Tom Watson,* Attorney General and *Reeves Bowen,* Assistant Attorney General, for appellee.

BROWN, J.:

This is an appeal from a judgment of conviction rendered by the Court of Record of Escambia County. The information charged that the appellant here, the defendant in the court below, did on a certain date unlawfully buy, receive and aid in the concealment of eight sacks of feed, the property of the Amco Feed Stores, a corporation, well knowing that the said goods had theretofore been stolen, taken and carried away. After a careful study of this record, we are convinced that the evidence was not sufficient to sustain the charge. Briefly stated, the evidence shows that the appellant, the operator of a retail market and grocery store in the outskirts of Pensacola, Florida, had been out all day in nearby Alabama buying chickens. During his absence a negro delivery truck driver of Amco Feed Stores, drove up and told appellant's daughter that he had some feed for Mr. Ard and told her what it was. She went back and looked to see if they needed any feed of that kind and bought the eight sacks of feed from him for $16.00, which was in accordance with a bill

314

or statement which the negro had made out and left with her. She had him put the sacks of feed in the small warehouse in the rear of the store. The negro's employer had suspected him of disposing of feed for several weeks and had a couple of officers to trail him on this trip. The employer entrusted this open truck load of feed, in which five extra sacks had been loaded as a decoy, giving the negro statements for delivery covering thirty sacks. The officers obtained a search warrant and arrived at the appellant's store about the time that appellant had returned from his trip. The appellant learned for the first time, after he had been accosted on arriving at the store by the officers, that his daughter had bought some feed during his absence. That was the first he knew of the delivery of the feed. After getting this information from his daughter, he told the officers that they did not need a search warrant, that the place was wide open and to search it, and he took them back to the warehouse where his daughter told him the goods had been placed. There was no evidence whatever of any prearrangement between the defendant and the negro truck driver. Nor was there any evidence that appellant's daughter had been authorized by him to purchase these goods. She said that as the negro said he had this feed for Mr. Ard, she thought her father had ordered it, so she bought the eight sacks of feed, paid the negro $16.00, and put the memorandum or statement which the negro had made in the cash drawer. There was some evidence to the effect that, while appellant was an infrequent purchaser from the Amco Feed Stores, he had on previous occasions gone to their place of business and obtained feed and had never requested any to be delivered. There is some conflict between the testimony of the officers and the appellant and his wife and two daughters as to just exactly what was said and what happened between the officers and the appellant when he had returned. The two officers and the manager of the store showed up with the search warrant about the time that the appellant returned from his trip. But the conflicts are not material. Even taking the testimony of the officers and the store manager at its face value, it is insufficient to prove any guilty knowledge on the part of the appellant, or to members of his family.

The presumption arising from the unexplained possession of recently stolen goods, does not apply in the face of the evidence in this case. See Minor v. State, 55 Fla. 90, 45 So. 818; Kilcrease v. State, 96 Fla. 264, 117 So. 862. Mere suspicions of guilt are not enough to sustain a verdict of guilty. Fisk v. State, 138 Fla. 815, 190 So. 10.

Taking the record as a whole, our conclusion is that the testimony was insufficient to sustain the verdict that the defendant was guilty of receiving or concealing stolen property, knowing it to have been stolen. The above question was raised by a motion for an affirmative instruction, and also by motion for new trial.

Counsel also interposed as one of the grounds for these motions the question of variance between the information and the testimony introduced by the State, in that the information charged receiving *stolen* goods, whereas the evidence showed that the goods were not stolen but *embezzled,* citing in support of this contention, Hatcher v. State, 74 Fla. 112, 76 So. 694 and Carlos v. State, 155 Fla. 740, 21 So. (2nd) 537; also 53 C. J. 504 and 524 and cases cited. Counsel for the State relied largely upon Fitch v. State, 135 Fla. 361, 185 So. 435.

Our attention is also called to the fact that under our statutes there is a difference between the punishment prescribed for the offence of receiving or concealing *stolen* goods, 811.16 and 811.17 F.S. 1941, and that provided by section 812.11 F.S. 1941, for receiving or concealing *embezzled* property. Appellant also calls our attention to Section 812.04, F.S. 1941, as evidence of the fact that the Legislature did not consider that peculations by servants and custodians constituted larceny, because under this statute an agent or servant who has custody of his master's property commits embezzlement when he takes it and converts it to his own use, or fraudulently disposes of it.

While we are very much impressed by counsel's argument on this question, we think it unnecessary to decide it, for we are clearly convinced that the evidence failed to show that the defendant himself ever bought, received or aided in the concealment of the goods in question, or that, when defendant's

agent received them, either he or his agent had any guilty knowledge that these goods were either stolen or embezzled.

The judgment appealed from must therefore be, and it is hereby,

Reversed.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.