### SPURGEON KING v. STATE OF FLORIDA

24 So. (2nd) 573                    January Term, 1946
January 22, 1946                              Division A

*Lester Harris* and *Warren Parks,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant, having been convicted of the offense of receiving and concealing stolen property, then and there knowing the said property had been stolen, perfected his appeal to this Court.

The appellant in his brief had posed eight questions for our consideration.

The First Question challenges the propriety of the action of the trial court in denying defendant's motion for a continuance. It is sufficient to say that the motion as presented to the court below was entirely insufficient to require the court to grant the continuance. Therefore, no abuse of judicial discretion has been made to appear.

The Second and Fifth questions challenge the action of the court in denying motion for directed verdict, which motion was upon the ground that the State had not proved ownership in Central Truck Lines, Inc., a corporation, or that the whisky was "Tom Hardy" whisky, as alleged in the information.

The record shows that the whisky alleged to have been stolen and thereafter received and concealed by the defendant was shipped over Central Truck Lines, Inc., a common carrier, from Florida Wholesale Liquor, Tampa, Florida, to Walgreen Liquor Annex, Daytona Beach, Florida; that one Ezell was employed by Central Truck Lines, Inc., as driver of the truck on which the whisky was shipped. The shipment consisted of ten cases of whisky and that Central Truck Lines, Inc., had issued its bill of lading for the same. So the ownership was properly laid and proved to be in Central Truck Lines, Inc. See 36 C.J. 757, paragraph 77; 36 C.J. 834, paragraph 321.

As to the whisky being "Tom Hardy" whisky, Ezell testified that the four cases of whisky which he delivered to appellant was part of the same whisky which had been placed on the truck in Tampa and for which he carried bill of lading and the uncontradicted evidence further shows that the whisky delivered by Ezell to the appellant was "Tom Hardy" whisky.

The Third question challenges the sufficiency of the evidence to show that the circumstances under which King, the appellant, came into possession of the whisky were sufficient to give defendant knowledge that the whisky was stolen or that the circumstances under which he came into possession of the whisky would place a man of ordinary intelligence on inquiry.

The record shows that Ezell, the truck driver, was known to the appellant as a truck driver for Central Truck Lines, Inc.; that he had been into appellant's place of business a few nights before this transaction occurred and offered to deliver

to appellant four cases of whisky for $100.00; that when he delivered the whisky. he requested the appellant to immediately take it out of the containers in which it was packed and to destroy the containers and that appellant agreed to do this and did do it; that appellant then disposed of two cases of the whisky to a negro and concealed the other two cases in the attic of his place of business and that when the officers came looking for the whisky appellant denied any knowledge of it and continued to deny any knowledge of the whisky until the officers, after searching the premises with his voluntary permission, found the whisky concealed in the attic. Then he claimed and stated to the officers that he had not bought the whisky but that had made Ezell a loan of $100.00 and held the whisky for security but at the same time he also stated to the officers that he had sold two cases of the whisky to the negro and would try to get it back and deliver it to them. We think this is sufficient to show all the facts challenged by the Third question.

The Fourth question challenges the propriety of the County Solicitor in making a statement to the jury as follows:

"Even if we hadn't produced Ezell here at all, if we had gone up and found the two cases of whisky or four cases. The rule is this, that a person found in the possession of goods recently stolen, unless he promptly—it doesn't say some time or other—unless he promptly gives a reasonable and credible explanation of how they came into his possession—that alone is sufficient to show a tendency towards guilt."

Appellant objected to this statement by the County Solicitor on the grounds that mere possession alone does not show a tendency towards guilt.

We think that the circumstance of one being found in possession of recently stolen property is one which may be considered as showing a tendency toward guilt. See Fisk v. State, 138 Fla. 815, 190 So. 10; Tidwell v. State, 143 Fla. 397, 196 So. 837; Hayward v. State, 152 Fla. 608, 12 So. (2nd) 458.

The court in the instant case gave the jury correct instructions as to what was essential to be proved in a case of this sort and, therefore, we think the contention is without merit.

The Sixth question challenges the action of the court in refusing to give the charge requested by defendant as follows:

"Mere possession of stolen goods by the receiver is not alone sufficient to sustain a conviction of this offense."

We think that if the refusal to give this charge was error, it was harmless, (1) because the court in its general charge had sufficiently instructed the jury in this regard and (2) because in this case the State did not rely upon mere possession of the stolen goods by the receiver for a conviction.

The Seventh question challenged the action of the court in permitting the witnesses Tanner and Brazell to testify as to admissions made by defendant, it not appearing affirmatively that said admissions were made voluntarily. We think that if there was any error in admitting this testimony it was cured by the defendant's own testimony. He testified as follows:

"After they found the liquor, I called this man Tanner off and told him just exactly how it all happened."

And he told about the same story on the stand which he had told to the officers.

The Eighth question challenges the sufficiency of the evidence to show the possession of stolen property as distinguished from embezzled property. It is the contention of appellant that Ezell had come into lawful possession and custody of the whisky as the agent and servant of Central Truck Lines, Inc., and while still acting as such agent and servant took and fraudulently disposed of the property entrusted to him and that such act, if committed by Ezell, constituted embezzlement and not larceny.

The record in this case shows that Ezell was merely a truck driver; that the whisky was loaded to the truck of Central Truck Lines, Inc., to be delivered by Ezell to a certain point; that the possession of the goods was in Central Truck Lines, Inc., until Ezell frustrated that possession by taking the four cases of whisky from the truck and delivering same to King; that Ezell merely had custody of the whisky for a certain purpose, that is, for delivery at a certain place.

Under such conditions, when Ezell destroyed the Master's possession by removing the whisky from the truck and delivering it to the *defendant* he committed larceny. See Hatcher

v. State, 74 Fla. 112, 76 So. 694; Fitch v. State, 135 Fla. 361, 185 So. 435, See also 36 C.J. 786, paragraph 168; 32 Am. Juris. 965, paragraph 59; 32 Am. Juris. 960, paragraph 56; Minor v. State, 55 Fla. 77, 46 So. 297.

So it is, the judgment should be, and is, affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.