PER CURIAM.
James Hill, by this appeal, contends that the evidence is insufficient to sustain the jury verdict and judgment of conviction for the crime of attempting to utter a forged instrument, and that the trial court erred in denying his motion for directed verdict at the close of the State’s case. We agree and reverse.
A summary of the State’s evidence against Hill is: On October 11, 1965, Hurricane Fence Company in Volusia County was broken into and a book of checks and a checkwriter were stolen. Co-defendant, Leroy McBurney, entered a bar in Daytona Beach, Florida, on October 15, 1965, asked for a bottle of whiskey and attempted to pay for same with a forged check drawn on Hurricane Fence Company, signed by G. G. Stone and made payable to Willie Thompson, in the sum of $105.23. The bartender, who had been instructed not to cash any Hurricane Fence Company checks, asked the customer if he was Willie Thompson and received an affirmative answer. Under the pretense of going across the street to procure sufficient funds to cash the check, the bartender went to another business and called the police. The police responded to the telephone call within two minutes and took McBurney into custody. The bartender stated that he had not seen Appellant Hill prior to trial. A deputy sheriff testified that after McBur-ney was arrested, Hill immediately came to the Daytona Beach Police Department. Although the record is not clear as to the time, apparently Hill was interrogated at this time. According to the deputy sheriff, Hill stated that he received and cashed the *690 subject check at his fish market for a man who gave the name of Willie Thompson; that Thompson bought five dollars worth of fish; that he gave Thompson the difference between the five dollars owed for the fish and face value of the check; that Thompson was accompanied by another man; and that Hill did not procure or know Thompson’s address. The deputy further stated that Hill told him he picked up Mc-Burney, and while going to several other fish markets to make calls, they consumed either a half-pint or a pint of liquor; that Hill gave the Hurricane Fence Company check to McBurney with instructions to cash same and purchase a bottle of whiskey at a bar across the street; and that Hill waited for McBurney to return.
After adducing the foregoing testimony against Hill, the State rested. Hill’s attorney moved for a directed verdict upon the grounds that no competent evidence had been elicited showing that Hill had any knowledge that there was anything wrong with the check.
The information charged that Hill, “did attempt to utter and publish to August Kientz, as true, a certain false and forged written order for money of the tenor following, to-wit: * * * (description of Hurricane Fence Company check) * * * he, the said James Hill then and there well knowing the said written order for money to be false, forged and counterfeit, with intent then and there to injure and defraud August Kientz, and divers other persons * * we have been unable to discern from this record any competent substantial evidence sustaining the information. In its brief, the State takes the position that “ * * * there is serious doubt as to the existence of said ‘Willie Thompson.’ ” That conclusion is seemingly drawn from the deputy sheriff’s testimony on cross-examination that his investigation had not “turned up” a Willie Thompson. Obviously, such testimony standing by itself cannot fill the evidentiary requisites.
Finally, the State submits in its brief the following question, “* * * [Wjould an honest person then take that check which he does not know to be a forged instrument and tell a friend of his to use a ficticious name and present the check for payment * * * ?” (Emphasis supplied.) Here we reach the apparent crux of the matter. During the trial codefendant Mc-Burney was quoted by a witness as having stated that Hill told him to use the name of Willie Thompson upon presenting the check. The trial judge correctly instructed the jury that this testimony was not admissible against Hill because McBurney’s statement was made out of the presence of Hill. Seemingly, the State in preparing its brief did not perceive the significance of the trial judge’s instruction, for no other evidence was adduced by the State to substantiate the statement. In fact, Hill, on cross-examination, flatly denied same.
The State proved that the check was forged and that Hill said it was accepted by him in the normal course of his business. There was no evidence that Hill had possession of the stolen checks or checkwriter, that he forged the check, that his handwriting matched any of that on the check, or that he knew that the check was forged. We find this case to be analogous to the facts in Clark v. State, 114 So.2d 197, 80 A.L.R.2d 261 (Fla.App. 1st, 1959).
The presumption of innocence of one accused of committing a crime in this state is a basic part of our organic law. Suspicion or suspicious circumstances standing alone is not sufficient to convict. Competent evidence must be adduced as to each element of an alleged criminal offense. Such was not done in this cause, so the judgment of conviction is
Reversed.
CARROLL, DONALD K., Acting C. J., and RAWLS and SPECTOR, JJ., concur.