214 So.2d 515 (1968)
Samuel LAMPLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-22.
District Court of Appeal of Florida. Third District.
September 24, 1968.
Rehearing Denied October 22, 1968.
*516 Robert L. Koeppel, Public Defender, and Jeffrey Michael Cohen, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
CHARLES CARROLL, Chief Judge.
By an information the appellant was charged in one count with forgery, in a second count with uttering a forged instrument, and in a third count it was alleged that he "did unlawfully, knowingly and feloniously buy, receive or aid in the concealment of certain stolen property, to-wit: a check No. 2990, the property of A.A.A. Meat Co., Inc., a Florida corporation, which said property the defendant well knew to have been stolen, in violation of [section] 811.16 Florida Statutes".
On a trial without a jury, the appellant was acquitted of the charge of forgery and was found guilty of the offenses charged in the second and third counts. The sentences imposed were five years' confinement in the state penitentiary on the former and three years on the latter, to run concurrently.
On this appeal therefrom the appellant contends the evidence was insufficient to support the judgment. It was shown that the check involved in this case was one of three which had been stolen from the check book maintained at the office of A.A.A. Meat Co., Inc., and that prior to the appearance of this check the meat company had been informed by its bank that certain of its checks had been presented with forged signatures. The check involved here bore the number of one of the checks missing from the check book of the company, and it likewise had been forged. The name of the payee of the check in question was Rex Tullsen.
The owner of the meat company, when asked when he first had noticed that the checks were missing, stated: "I don't recall." He was then asked by the trial judge to state: "Approximately, the month and year," to which the witness replied: "It was some time in the year '67, around I would say May." The information alleged that the charged offenses occurred on May 6, 1967.
It was disclosed that on the date alleged the appellant presented the check in question to one of the cashiers at a supermarket, and with it presented a social security card and driver's license of the payee Rex Tullsen. The appellant did not endorse *517 the check and did not state that he wished to cash the check. However, the cashier, assuming it was his purpose to cash the check, proceeded routinely by submitting the items to her superior who was in a nearby room, and a photograph was taken of the appellant and of the check and cards. An officer was summoned, who arrested the appellant and initially charged him with vagrancy.
The appellant testified that he had found the check and other papers in a wallet in the men's room, denied that his purpose in presenting the items to the cashier was to cash the check, but to report the items as having been found by him, and that before he could inform her she had departed to confer with her superior. Appellant testified he had not forged the check, and that he did not know that it was forged.
While it was established that the check was forged, there was no evidence that it was forged by the appellant, and he was acquitted on the charge of forgery. We are inclined to agree with the contention of the appellant that the evidence was insufficient to support his conviction on counts two and three. Regarding the offense of uttering a forged check, the statute (§ 831.02 Fla. Stat., F.S.A.), prescribing the offense contains the following language: "knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person." In Clark v. State, Fla.App. 1959, 114 So.2d 197, 200, the court said: "[T]he Florida Supreme Court has held that the offense of uttering forged instruments consists of the knowledge on the part of the accused that the instrument is false and the intent to injure or defraud another by asserting that the instrument is true," citing Harrell v. State, 79 Fla. 220, 83 So. 922.
Here there was an absence of evidence as to how or when the check came into the possession of the appellant other than his testimony that he had found it in the men's room of the store and there was nothing to refute or contradict his testimony that he was without knowledge that it had been forged. Proof was lacking with respect to the necessary element of knowledge of the falsity or forgery of the instrument.
What is said above applies equally to the contention of the appellant that the state did not prove the element, essential to the offense charged in the third count, that the appellant had knowingly received or concealed stolen property. This is so because the record is without evidence that the appellant had knowledge that the check represented stolen property, or that he had concealed or aided in the concealment thereof. The check was not made out to the appellant. What the evidence did disclose was that the appellant was attempting to cash a check, which he said he had just found, by impersonating the payee thereof. For the offense or offenses which that conduct may have amounted to, he was not charged. See Winton v. State, 87 Fla. 104, 99 So. 249; Stephenson v. State, 89 Fla. 351, 104 So. 600.
We have not overlooked the proposition that where one charged with receiving stolen property is found in possession of recently stolen property that is a circumstance "which may be considered as showing a tendency toward guilt." King v. State, 156 Fla. 817, 24 So.2d 573. See Romanello v. State, Fla.App. 1964, 160 So.2d 529, 533-534. In the present case the time of the theft of the blank checks from the meat company was not fixed with any exactness, the owner having said only that it occurred in 1967, around May. Thus it was not established that the check in the hands of the appellant was recently stolen property so as to invoke the rule referred to. In the circumstances presented, the fact that the appellant was in possession of the check could not serve to show beyond a reasonable doubt that he had knowledge that the check was stolen, for proof of which essential element of the offense there was no other evidence.
*518 Accordingly, judgment is reversed and the cause remanded with direction to discharge the appellant-defendant.
Reversed and remanded with direction.
BARKDULL, Judge (concurring in part, dissenting in part).
I concur with so much of the majority opinion that reversed the conviction under Count II, but I would affirm as to Count III.