PER CURIAM.
The defendant appeals from a judgment of conviction of unlawfully buying, receiving or aiding in the concealment of stolen property, “well knowing the same to be stolen”, and a sentence of six months imprisonment to be followed by three years probation. He presents three points. The first urges that the evidence does not sustain the conviction because the state failed to prove that the appellant had knowledge that the personal property which he is accused of having bought, received or concealed was stolen property. In addition the appellant sets forth two procedural errors. We reverse upon the ground that the evidence is insufficient to sustain the conviction.
The state proved that upon a search of appellant’s residence police discovered a great deal of clothing packed in boxes. Of this large quantity of clothing eight pairs of pants were proved to' have been stolen property. It was established that the appellant and his wife operated an export business in which clothing bought in the Miami area was sold in the Bahamas.
The eight pairs of pants were proved to be the property of Superior Uniforms, Inc., of Miami, Florida. An executive of that corporation testified that the pants in question, along with many others, were missing when an inventory was taken about a month prior to the seizure. He was able to establish ownership of the pants by means of a code number of which he had special knowledge. There was no testimony that any person other than one connected with Superior Uniforms would be able to tell that the pants belonged to Superior Uniforms.
Appellant’s wife testified that she purchased the pants at a flea market in Miami. There is evidence that the merchandise sold in this market is unchecked *659 merchandise sold by unchecked vendors. There also is evidence that upon other occasions individuals had purchased merchandise at the market which later was discovered to be stolen merchandise.
The state urges that the evidence is sufficient because upon being served with a search warrant the appellant refused to answer questions as to where he got the pants. Appellant’s actual statement was that he did not want to' answer at that time because he did not want to get anyone in trouble. This statement is not in our opinion indicative of guilt in view of the later disclosure that the person to whom he was referring was his wife. In addition the state urges that the very purchase at a flea market is suspect and indicates a guilty knowledge. The fact that one purchases merchandise at a flea market which the authorities permit to operate openly as part of the local economic structure does not in our opinion lead to a valid legal inference that the purchaser knows the merchandise is stolen merchandise.
We hold that upon the foregoing facts the state failed to prove the appellant had knowledge that the pants were stolen. See Minor v. State, 55 Fla. 90, 45 So. 818 (1908); Worster v. State, 82 Fla. 463, 90 So. 188 (1921); Ard v. State, 156 Fla. 313, 22 So.2d 819 (1945); Lampley v. State, Fla.App.1968, 214 So.2d 515.
Appellant also urges it was error to display to the jury after it had been sworn a large amount of clothes when only the eight pairs of pants were admitted into evidence. In addition, he urges as error the reading to the jury of a count charging the defendant with a separate crime when he was not tried for that crime. The foregoing are procedures which would constitute grounds for granting the appellant a new trial. But we do not base our decision on those grounds. Rather we hold that appellant’s conviction must be reversed, the sentence set aside, and the appellant discharged from custody because the state failed to prove an essential element of the crime the appellant was accused of committing: knowledge.
Reversed and remanded with directions to discharge the appellant from custody.