BARKDULL, Judge.
Appellant, defendant in the Criminal Court of Record in and for Dade County, Florida, appeals an adverse jury' verdict, judgment of conviction, and sentence, after being charged with the crime of buying, receiving, or concealing stolen property knowing the same to have been stolen.
Several points have been preserved for review on appeal. We deem it necessary only to discuss the question of the sufficiency of the evidence to deny the defendant’s motion for a directed verdict at the conclusion of the. State’s case or at the conclusion of the entire proceedings. The only evidence presented by the State, in chief, to support the charge as contained in the information was that the defendant had recently stolen property in his possession, which he attempted to sell in a normal manner to the original owner thereof. There was no other evidence introduced on behalf of the State.
We hold that the mere unexplained possession of recently stolen property, without the introduction of any additional evidence of the circumstances surrounding either the acquisition of the property, the apprehension of the defendant, or some other facts or circumstances which would put the defendant on notice of the character of the property, etc., will not in and of itself meet the test of knowledge as required by § 811.16, Fla.Stat., F.S.A.[1] This is not to say that there may not be cases wherein the unexplained possession of recently stolen property [considering all the circumstances] may constitute a prima facie case of the crime charged and warrant the submission of the question to the jury. We merely hold that under the evidence in the instant case the State failed to make a prima facie showing. In this connection, see the following: Minor v. State, 55 Fla. 90, 45 So. 818; Ard v. State, 156 Fla. 313, 22 So.2d 819; Anno. 68 A.L. R. 187.
Generally, the presumption arising from the unexplained possession of recently stolen property is that the possessor is guilty of the theft. 45 Am.Jur., Receiving Stolen Property, § 18, p. 405. To convict of receiving or concealing stolen property [knowing same to have been stolen] requires a different extent of proof. Minor v. State, supra. It further appears that the defendant gave a reasonable explanation of his purchase of the property in the normal course of his business at a flea market [regularly conducted in Dade County, Florida] and, with this reasonable explanation in the record, at least the defendant’s motion for directed verdict at the conclusion of all the evidence should have been granted under the authority of Schectman v. State, Fla.App.1969, 220 So.2d 657, when the explanation given by the defendant was not rebutted by the State.
Therefore, the verdict, adjudication and sentence be and the same is hereby set aside, with directions to discharge the defendant.
Reversed and remanded, with directions.

. A different rule pertains in larceny cases, see: State v. Young, Fla.1968, 217 So.2d 567; Burroughs v. State, Fla.App.1969, 221 So.2d 159.