238 So.2d 618 (1970)
The STATE of Florida, Petitioner,
v.
Joseph James GRAHAM, Respondent.
No. 39308.
Supreme Court of Florida.
July 22, 1970.
*619 Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty., Gen., for petitioner.
Fred C. Davant of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the Third District Court of Appeal (Graham v. State, 229 So.2d 616), which allegedly conflicts with prior decisions of this Court (Ard v. State, 108 So.2d 38; Tidwell v. State, 143 Fla. 397, 196 So.2d 837; Hayward v. State, 152 Fla. 608, 12 So.2d 458) on the same point of the Fla. Const., art. V, § 4, F.S.A.
The respondent-defendant was convicted of the offense of unlawfully, knowingly and feloniously buying, receiving or aiding in the concealment of certain stolen property, which property the defendant well knew to have been stolen. The conviction was reversed by the District Court of Appeal, the Court saying:
"We hold that the mere unexplained possession of recently stolen property, without the introduction of any additional evidence of the circumstances surrounding either the acquisition of the property, the apprehension of the defendant, or some other facts or circumstances which would put the defendant on notice of the character of the property, etc., will not in and of itself meet the test of knowledge as required by § 811.16, Fla. Stat., F.S.A. This is not to say that there may not be cases wherein the unexplained possession of recently stolen property [considering all the circumstances] may constitute a prima facie case of the crime charged and warrant the submission of the question to the jury. We merely hold that under the evidence in the instant case the State failed to make a prima facie showing. In this connection, see the following: Minor v. State, 55 Fla. 90, 45 So. 818; Ard v. State, 156 Fla. 313, 22 So.2d 819; Anno. 68 A.L.R. 187." (Emphasis supplied) Graham v. State, supra.
The only question raised by petitioner is whether the inference of guilt arising from evidence of the possession of recently stolen property is sufficient to sustain a conviction for receiving stolen goods. This question is discussed generally in 45 Am.Jur., Receiving Stolen Property, § 18, pp. 404-405, as follows:
"Evidence of the unexplained possession of recently stolen goods by one charged with unlawfully receiving them is admissible, *620 and is a strong circumstance to be considered with all the evidence in the case on the question of guilty knowledge. Such evidence may be sufficient to warrant a conviction where it is coupled with contradictory statements by the accused as to his possession of such property, with evasive statements and unusual manner of acquisition, with attempts at concealment and the fact that goods were being sold at less than their value, with the possession of other stolen property, and with other incriminating evidence and circumstances. The courts are not agreed, however, as to whether the unexplained possession of recently stolen property is, without more, sufficient to establish guilty knowledge.
"In many jurisdictions it is held that proof of mere naked possession of property recently stolen, not aided by other proof that the accused received it, knowing it to be stolen, is not sufficient to show guilty knowledge, although slight additional evidence or circumstances may be sufficient for this purpose. In this view, the inference or `presumption' to be drawn from such possession is that the possessor is the thief, not that he received the goods, knowing them to be stolen."
It is essential to a conviction for receiving stolen property that the evidence shall show to the exclusion of a reasonable doubt that the accused had knowledge that the property in question was stolen at the time he received it, or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry. Stephenson v. State, 89 Fla. 351, 104 So. 600 (1925).
The Florida Court has adopted the rule that an inference of guilt may be drawn from the unexplained possession of recently stolen goods sufficient to support a verdict, and if an explanation be given, the jury must determine its reasonableness and credibility. If the account raises a reasonable doubt of guilt, the defendant should be given the benefit of such doubt and an acquittal should follow. Fisk v. State, 138 Fla. 815, 190 So. 10 (1939).
Even in the face of this rule, the Florida Court has reversed convictions where there was a paucity of facts showing conduct on the part of the accused that one naturally associates with the person who aids the thief by disposing of his ill-gotten wares. Such convictions were reversed even though the evidence showed defendant with possession of the stolen goods. See Franklin v. State, 66 Fla. 213, 63 So. 418 (1913); Worster v. State, 82 Fla. 463, 90 So. 188 (1921); Knowles v. State, 86 Fla. 270, 97 So. 716 (1923); Winton v. State, 87 Fla. 104, 99 So. 249 (1924); Stephenson v. State, supra; Fisk v. State, supra.
In Ard v. State, supra, relied upon by petitioner, the Court held that the jury in the exercise of their prerogative to determine credibility may convict on proof of possession despite the lack of testimony directly disproving the explanation. The failure to explain was said to be a circumstance from which an inference of guilt may be derived when considered with the other facts of the case. The conviction was reversed because of improper remarks by the State Attorney.
In Tidwell v. State, supra, the Court pointed out that the jury, in convicting, did not believe the explanation of possession given by the defendants and stated:
"Inferences of guilt that may have been drawn by the jury from the defendants' possession of the property are not without substantial support in the evidence." 143 Fla. 397, 196 So. 837, 838.
In Hayward v. State, supra, there were circumstances other than bare possession of property recently stolen considered by the Court in affirming the conviction.
*621 Proof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. See Annotation, 68 A.L.R. 187, citing cases from California, Colorado, Delaware, Virginia, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Mexico, North Carolina, Tennessee and Texas. Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.
The holding is in accordance with the above-mentioned prior decisions of this Court. As pointed out by the District Court of Appeal, a different rule pertains in larceny cases.
Finding no conflict with previous decisions, the writ of certiorari, having been improvidently issued, is hereby
Discharged.
ERVIN, C.J., and CARLTON and BOYD, JJ., concur.
ROBERTS, J., dissents with opinion.
THORNAL, J., and MOODY, Circuit Judge, dissent.
ROBERTS, Justice (dissenting).
I respectfully dissent and would affirm the decision of the trial court under the authority of State v. Young, Fla., 217 So.2d 567 (December, 1968).
MOODY, Circuit Judge, concurs.