241 So.2d 426 (1970)
John Lee TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-403.
District Court of Appeal of Florida, Third District.
December 1, 1970.
Hughlan Long, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, and HENDRY and SWANN, JJ.
PER CURIAM.
The appellant John Lee Taylor cashed four checks, on June 27 and 31, July 13 and 18, 1969, for $95, $40, $97 and $75 respectively. The checks bore the printed names of Robert J. Erwin and Mildred R. Erwin. The signature thereon of Robert J. Erwin was forged. The name of the payee in each instance was James Jackson.
In each of four informations the appellant was charged with (1) forgery, (2) uttering a forged instrument, and (3) buying, receiving or aiding in the concealment of stolen property. Tried before the court on the four informations, the appellant-defendant was acquitted of the charges of forgery and uttering a forged instrument, and was found guilty of "buying, receiving or aiding in the concealment of stolen property, well-knowing the same to be stolen," with four five-year sentences imposed. The defendant appealed therefrom.
An essential element of the offense of uttering a forged instrument, of which the defendant was acquitted, was knowledge by him that the instrument was forged. His acquittal of that offense necessarily resulted from failure of proof of such knowledge, since it was disclosed that the checks were forged and that the defendant *427 had cashed them. Likewise, an essential element of the offense of buying or receiving stolen property of which the defendant was found guilty was knowledge on his part that the property was stolen. On this record his acquittal of the former offense and conviction of the latter were inconsistent.
In Franklin v. State, 66 Fla. 213, 63 So. 418, 419, the Supreme Court said:
"It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its reception, or of such circumstances as would put a man of ordinary intelligence and caution on inquiry. Minor v. State, 55 Fla. 90, 45 So. 818.
"Where a particular fact is an essential element in the commission of a crime, and in a prosecution for such a crime there is no evidence showing the essential fact, and no evidence from which the existence of such essential fact may fairly be inferred, a verdict of guilty of the crime of which such nonproven fact is an essential part may be set aside by an appellate court. See McDonald v. State, 56 Fla. 74, 47 So. 485; Baker v. State, 54 Fla. 12, 44 So. 719."
Here there was no direct evidence of knowledge of the defendant that the checks were stolen, either as blank checks prior to having been filled out, or as completed checks forged by some other party. The owner of the check forms testified that in the month prior to that in which the first check was cashed he had discovered that the checks were missing, but that he did not know they had been stolen until they were returned to him by the bank after having been cashed.
Possession by the defendant of the checks, if stolen, was not sufficient to charge him with having received them with knowledge of their stolen character. Minor v. State, 55 Fla. 90, 45 So. 818; Winton v. State, 87 Fla. 104, 99 So. 249; Stephenson v. State, 89 Fla. 351, 104 So. 600; Kemp v. State, 146 Fla. 101, 200 So. 368; 28 Fla.Jur., Receiving Stolen Goods § 8. Suspicious circumstances alone are not enough to support a verdict of guilt. Minor v. State, supra, Ard v. State, 156 Fla. 313, 22 So.2d 819.
The doctrine that unexplained possession of recently stolen goods will support a finding that the possessor is guilty of theft thereof does not have full or direct application to the offense of receiving stolen goods. The oblique application given thereto with reference to the latter offense is that it is a circumstance "which may be considered as showing a tendency toward guilt." King v. State, 156 Fla. 817, 24 So.2d 573. Therefore, if the times involved here are regarded as having that proximity for which the checks, in the hands of the defendant, would be said to constitute recently stolen property, that circumstance "showing a tendency toward guilt" was not sufficient to satisfy the burden of the state to prove the element of knowledge beyond a reasonable doubt. On consideration of the record and briefs we hold that the evidence was insufficient to establish by the required quantum of proof the essential element of knowledge, with reference to the offense of which the appellant was convicted. See Lampley v. State, Fla.App. 1968, 214 So.2d 515; Schectman v. State, Fla.App. 1969, 220 So.2d 657; Graham v. State, Fla.App. 1969, 229 So.2d 616.
For the reason stated, the judgments of conviction on the counts of buying, receiving or aiding in the concealment of stolen property under the four informations are reversed, and the cause is remanded with direction to discharge the defendant.
Reversed and remanded with direction.
SWANN, Judge (dissenting).
I dissent. I think there is sufficient, substantial and competent evidence in this record to affirm the judgment.
*428 Actual knowledge that the property involved is stolen is not essential. Williams v. State, 106 Fla. 225, 143 So. 157 (1932); Hart v. State, 92 Fla. 809, 110 So. 253 (1926); Winton v. State, 87 Fla. 104, 99 So. 249 (1924); Knowles v. State, 86 Fla. 270, 97 So. 716 (1923); Worster v. State, 82 Fla. 463, 90 So. 188 (1921); Franklin v. State, 66 Fla. 213, 63 So. 418 (1913); and 28 Fla.Jur. Receiving Stolen Goods, Sec. 5.
It is sufficient that the defendant, at the time he receives the stolen property, has knowledge of circumstances suspicious enough to put a person of ordinary intelligence and caution on inquiry as to its stolen character.
I would, therefore, affirm.