CARROLL, Judge.
This appeal is by the defendant below from a judgment of conviction of “unlawfully and feloniously buying, receiving or aiding in the concealment of stolen property, well knowing the same to be stolen”.
Appellant contends the court erred in denying his motion for acquittal at the close of the state’s case, because of lack of proof of the essential element of knowledge that the property was stolen. We find merit in that contention of the appellant and reverse the judgment on the authority of Graham v. State, Fla.App.1969, 229 So.2d 616, and the opinion of the Supreme Court, in discharging certiorari, State v. Graham, Fla.1970, 238 So.2d 618.
On a Saturday night or early the next morning certain coins were stolen from the place of business of a coin dealer in the City of Miami. On Monday the appellant accompanied by James Vincent Vitale appeared at the place of business of a coin dealer in the City of Coral Gables, where the appellant presented certain coins and offered them for sale to the dealer. The police arrived and arrested the defendant and his companion there. Both were later informed against, charged as above stated.
In State v. Graham, supra, the Supreme Court said:
“Proof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. * * * Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.”
In the instant case the state furnished proof that the coins which the appellant offered for sale were those which had been stolen recently, as above stated. Thus the appellant-defendant was shown to have been in unexplained possession of recently stolen property. No evidence was presented as to unusual manner of acquisition of the coins by the defendant, or of any contradictory statements by him or of any attempts by the defendant to conceal the coins, or to sell them at less than their value. The brief of the state does not refer to any incriminating evidence or circumstances other than that the coins which the defendant offered to sell were recently stolen, and that the defendant was in unexplained possession of such recently stolen property.
The judgment is reversed, and the cause is remanded with direction that the appellant-defendant be discharged.