382 So.2d 391 (1980)
Eugene Rogers HEATH, Appellant,
v.
STATE of Florida, Appellee.
No. PP-286.
District Court of Appeal of Florida, First District.
April 8, 1980.
*392 Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Heath appeals his conviction for uttering a forged check, arguing that the evidence was insufficient to support the conviction. We agree the state failed to present sufficient evidence of Heath's knowledge that the check found in his possession was forged, an essential element of the offense, and reverse.
Three days before Heath caused the check to be cashed, a truck belonging to Tim Arini, the owner of the check, was burglarized, and Arini's checkbook was taken from it. At trial, Arini identified the check, bearing his name as the maker, made payable to Heath, and endorsed by Daniel Mady. Arini denied both signing his name and knowing Heath. Mady testified that at Heath's request he cashed a check at a Jacksonville bank because Heath, a visitor, did not have a local account.
Detective Lee, a defense witness, testified that the check was neither processed for fingerprints nor submitted for a handwriting analysis. Appellant's explanation for his possession of the check was that, while hitchhiking into Jacksonville, he was given a ride by a man who identified himself as Tim Arini. Heath stated he sold his tent to the main in exchange for the check. At the conclusion of all the evidence, appellant's motion for judgment of acquittal was renewed and denied.
To convict for uttering a forgery, the state had to prove that Heath knew the check was forged and that he had it cashed with that knowledge and an intent to defraud. The state proved only that the check was forged and that Heath had possession of it and caused it to be cashed. There was no evidence, circumstantial or direct, of guilty knowledge. Possession of the recently stolen check did not give rise to a presumption that Heath uttered a forgery. See Graham v. State, 229 So.2d 616 (Fla. 3d DCA 1969) and Taylor v. State, 241 So.2d 426 (Fla. 3d DCA 1970). A conviction of uttering a forgery requires a different standard of proof than that required for conviction of the theft-related crimes. In Graham and Taylor, the courts concluded that the presumption did not apply where the offense charged was receiving stolen goods. We believe the element of knowledge which the state must prove for that crime is similar to the element of knowledge it must prove to convict for uttering a forgery. See Taylor, supra, where the two crimes and the proof of knowledge required to convict under each were compared.
On the record before us, it is clear the state presented no evidence that Heath knew the check was forged. See Hill v. State, 209 So.2d 689 (Fla. 1st DCA 1968). Therefore, the judgment of conviction and sentence are reversed, and, because the evidence is insufficient to sustain the conviction, the cause is remanded with directions that Heath be discharged. See McArthur v. Nourse, 369 So.2d 578 (Fla. 1979).
MILLS, C.J., and SHIVERS, J., concur.