RAWLS, Chief Judge.
Appellant challenges a guilty verdict by the jury of buying, íeceiving and concealing stolen property, and the ensuing order withholding adjudication of guilt and placing appellant on probation for one year. The sole question on this appeal is the sufficiency of the evidence to sustain the jury’s verdict.
The salient facts are that a riding lawn mower was stolen from Moore-Handley by two young men which was subsequently sold to appellant who in turn sold it to a third party. The testimony adduced by the state was that the lawn mower had been stolen; that it was sold to appellant by two white boys who did lawn work; and that a police officer attempted to communicate with appellant about the mower for approximately a week and upon finally being successful the appellant began, in the officer’s terms, “ . . . screaming and raging and wanted to know what in the hell I wanted.” The state’s evidence further disclosed that the lawn mower was never, at any time, concealed and the name upon same was not obliterated nor the serial number altered. After adducing the foregoing basic facts, the state rested and the trial judge denied appellant’s motion for directed verdict. The appellant testified he bought the lawn mower from the two boys who had worked for him over a year because they were going out of the lawn mowing business due to one of the boys entering the service; that prior to purchasing it he had checked with Sears Roebuck to make sure a $400.00 price was reasonable; that he had no reason to believe the mower was stolen; that he had no reason to question the honesty of the two young men; that he never concealed the mower in any way; and that he became upset upon his interview by the police officer because he resented being treated like a common criminal. He further testified that *470 he sold the lawn mower to a third party[1] for $416.00[2] and had the third party execute a promissory note for the purchase price.
State v. Graham, 238 So.2d 618 (Fla. 1970), controls. There the Supreme Court in discharging a petition for writ of certio-rari to the Third District Court of Appeal in Graham v. State, 229 So.2d 616 (3 Fla. App.1969), stated:
“It is essential to a conviction for receiving stolen property that the evidence shall show to the exclusion of a reasonable doubt that the accused had knowledge that the property in question was stolen at the time he received it, or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry. Stephenson v. State, 89 Fla. 351, 104 So. 600 (1925).”
The evidence in this case does not reach the dignity required to present it to the jury upon the question of a reasonable doubt of the guilt of the appellant. The trial judge made two mistakes: The first in not granting the motion for directed verdict in favor of the appellant at the end of the state’s case; and the second in not granting a directed verdict at the close of all of the evidence. The paucity of the facts as to any guilt of this accused requires a reversal of the order withholding adjudication of guilt and placing appellant on probation.
The Order is reversed with directions that appellant be discharged.
JOHNSON and McCORD, JJ., concur.

. Concurrently with purchasing the lawn mower, the third party, a Mr. Brooker, entered into an agreement with appellant for yard maintenance at his Doctor’s Lake Estates residence for the sum of $40.00 per month which was to be credited against the purchase price of the lawn mower.

. The testimony reflected that this was $175.00 less than a new lawn mower, but the lawn mower had been used to a very limited extent. Sixteen dollars of the purchase price was allegedly for state sales tax.