RAWLS, Acting Chief Judge
(dissenting).
I dissent.
Appellant-defendant Barket was found guilty by jury of receiving stolen property. Barket argues, primarily, that the language of the instruction was sufficiently ambiguous on the essential element of guilty knowledge to allow the possibility of confusing the jury and thereby diluting the “reasonable doubt” requirement necessary to convict.[1]
To be convicted of the felony of receiving stolen property, Section 811.16, Fla.Stat. (1973), requires that a defendant know “the same to have been stolen”. It is an essential element of this crime that the defendant have guilty knowledge that the property was indeed stolen.
Under existing Florida case law, it appears that the requisite guilty knowledge may be proved up by evidence showing either actual knowledge of defendant that the property was stolen, or by evidence showing that a person of ordinary intelligence and caution, when placed in defendant’s transaction, would find the surrounding circumstances so suspicious as to be put on inquiry that the property was stolen.[2]
Assuming the constitutionality of finding constructive guilty knowledge through the use of a tort-like “ordinary man”, it is still incumbent upon the state in a criminal case to prove beyond and to the exclusion of a reasonable doubt that the defendant possessed such guilty knowledge. Not only must the state so prove, but, in a jury trial such as this, it is imperative to a finding of guilt that the state’s burden of proof be clearly and distinctly, and in unambiguous terms, conveyed to the trier of fact.
The trial court instructed the jury as follows:
“Now, it is a crime commonly called receiving stolen property for any person to buy, receive or aid in the concealment of stolen money, goods, or property, knowing the same to have been stolen.
“The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are: One, that the goods or property described in the information had been stolen; two, that the defendant knew that it had been stolen; and, three, with such knowledge did buy, receive or aid in the concealment of such money, goods or property.
“Now, it is not necessary for the State to proved [sic] that the defendant knew beyond a reasonable doubt that the property had been stolen. It is sufficient if the circumstances and transaction were so suspicious as to put a person of ordinary intelligence and caution upon inquiry and nevertheless the defendant did buy, receive or aid in the concealment of said property.” (emphasis supplied)[3]
*529 The majority claim that this standard instruction conveys to the jury the state’s burden of proof in “brief and succinct terms”. I cannot agree. The emphasized portions of the instruction quoted above seem to imply, first, that the state must prove the essential elements of the offense beyond a reasonable doubt; however, in the next breath, the instruction reads that it is not necessary for the state to prove that the defendant knew beyond a reasonable doubt that the property had been stolen. Appellant argues, and I agree, that such language is susceptible of an interpretation that would shift the burden of proof from the state to the defendant, thereby allowing the jury to convict despite any reasonable doubt they may have as to the defendant’s guilty knowledge.[4]
In this case, since the property was admittedly stolen, the crucial question for the jury was whether the defendant possessed the requisite guilty knowledge. While it is true that the state may prove this knowledge through actual or constructive knowledge, it still must prove it to the satisfaction of the jury beyond and to the exclusion of a reasonable doubt. If the jury is given the impression that something less on the part of the state is sufficient, then the standard instruction is erroneous, and the error fatal.[5]
I would reverse and remand for a new trial.

.The majority opinion correctly notes the subsequent amendment of the relevant statute and its corresponding jury instruction. Though it is true we are concerned only with the instruction as it existed prior to revision, it is important to note that the substantially revised instruction clarifies both the requisite guilty knowledge required to convict and the burden of proof to be met by the state, thereby substantially reducing any inference of confusion in the minds of the jurors.

. State v. Graham, 238 So.2d 618 (Fla.1970) and Stephenson v. State, 89 Fla. 351, 104 So. 600 (1925).

. In the Second Edition Standard Jury Instructions (February 4, 1976) on receiving stolen property, the constructive guilty knowledge *529 language has been incorporated in the essential elements, and the last paragraph of the first edition relating to burden of proof has been eliminated. The new instruction reads in pertinent part:
“It is a crime for any person to intentionally receive, retain, dispose of or aid in the concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen.
“The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are that:
“2. The defendant knew that it had been stolen, or the circumstances were such that a reasonable man would believe that the property had been stolen. .
The instruction relating to burden of proof is now a separate paragraph and reads:
“The defendant has entered his plea of NOT GUILTY. The effect of this plea is to require the State to prove each material allegation of the information (indictment) beyond and to the exclusion of every reasonable doubt before the defendant may be found guilty.”

. In Escambia County Electric Light & P. Co. v. Sutherland, 61 Fla. 167, 55 So. 83 (1911), the Supreme Court, in finding contradictory instructions to the jury, stated:
. a charge containing contradictory propositions is universally held to be reversible error, unless the evidence is such that the jury could not have been misled. . This principle of law is based on the fundamental law of thought called ‘excluded middle’; that is, that of two contradictory or repugnant propositions one or the other must necessarily be false. There is no middle ground between such propositions and no rational way of harmonizing them. They are necessarily misleading and confusing when presented to a jury, and we are unable to say the plaintiff in error was not prejudiced by the instructions we have been considering.”

. In State v. Bryan, 287 So.2d 73 (Fla. 1973), the Supreme Court, in reviewing a certified question from this court on the validity of a Standard Jury Instruction in Criminal Cases, stated: “The Florida Jury Instructions should be used, to such extent as may be applicable in the judgment of the trial court, but it does not follow, as the First District seems adamant in saying, that such instructions must be literally given in each and every case . . . We do not agree that ‘Any substantial deviation from use of these instructions will almost aways [sic] end in error on the part of the trial court.’ Our caveat in the general approval of these, as in other jury instructions (240 So.2d 472 (Fla. 1970)), makes express reference to the fact that the approval is only ‘generally’ of ‘the theory and technique’ involved ‘as recommended by the Committee and embodied in its proposed instructions.’ ”