492 So.2d 750 (1986)
Omelio VALDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1265.
District Court of Appeal of Florida, Third District.
August 5, 1986.
*751 Bennett H. Brummer, Public Defender, and David B. Javits, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
Omelio Valdez seeks review of his conviction for dealing in stolen property contrary to section 812.019(1), Florida Statutes (1983).[1] For the reasons which follow, we reverse.
Valdez was charged with dealing in stolen property (count I), and theft (count II). He pled not guilty and the case proceeded to trial. At trial, Fern Singer testified that diving equipment consisting of a wetsuit, fishing rod and reel, several pairs of swim fins, several diving masks, snorkels, dive booties, two dive bags and a regulator, as well as a bicycle belonging to her and her husband, was stolen and that she reported the theft to the police. At the time of the theft, the diving equipment had been left in an alleyway next to their house and the bicycle had been left leaning against an adjoining house. The total value of the items stolen, as estimated by Singer, was over $600. Singer went to a pawnshop with a policeman and identified certain diving equipment at the pawnshop as belonging to her and her husband. The equipment recovered from the shop had a value of about $300 and consisted of the less expensive items of the property stolen. Not included in the property recovered from the shop were a dive bag, regulator, mask, dive booties and the bicycle. The bicycle was later found down the street from the pawnshop. The pawnbroker testified that he purchased the diving equipment from Valdez for $50. Valdez had shown the pawnbroker his identification which contained his name, description, and a former address where he still received mail. The pawnbroker testified that he asked Valdez if the diving equipment had been stolen. Valdez answered, "Yo respondo," which the pawnbroker understood to mean literally, "I will respond," or colloquially, "there is no problem; it's not stolen." Valdez testified that he found the diving equipment in a trash can near the pawnshop. He took it to the pawnshop and pawned it. Valdez said he did not know or believe the equipment in the trash can was stolen.
The state's case consisted of circumstantial evidence and a reliance upon the inference provided by section 812.022(2), Florida *752 Statutes (1983).[2] Valdez moved for a judgment of acquittal on the charge of dealing in stolen property on grounds that the state failed to prove the requisite guilty knowledge, i.e., that Valdez knew or should have known the property was stolen, and thus failed to present a prima facie case against him. The trial court denied the motion.
The jury found Valdez guilty of dealing in stolen property and not guilty of theft. The court adjudicated him guilty pursuant to the verdict and sentenced him to 2 1/2 years imprisonment.
Valdez contends that his conviction should be reversed because the circumstantial evidence which comprised the state's case against him failed to exclude the reasonable hypothesis of innocence created by his explanation of his possession of the stolen items, i.e., that he had merely found the items in question and, believing them to have been discarded, pawned them.
We agree. We find Valdez' unrefuted, exculpatory explanation to be not unreasonable when considered with the following independent facts: that not all of the stolen items had been pawned; that only those items which were of less value had been pawned; and that Valdez had given the pawnbroker his real name and a former address for himself where he still received mail. Valdez' "unrefuted, exculpatory, and not unreasonable explanation of his possession of ... [the stolen items] rendered the state's case, which was based solely on the inference provided by section 812.022(2), Florida Statutes [(1983)], without any additional incriminating circumstances, insufficient as a matter of law to establish guilt." R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); see R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981).
Accordingly, appellant's conviction is reversed with directions that he be discharged.
Reversed, with directions.
NOTES
[1] Dealing in stolen property. 
(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree... .
[2] Evidence of theft or dealing in stolen property. 
(2) Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.