GROSS, J.
Appellant William Youngs was convicted after a jury trial of dealing in stolen property, contrary to section 812.019(1), Florida Statutes (1997). The property at issue was roofing tools. After he finished work one evening, a roofing company employee locked the tools in a toolbox on the bed of his pickup truck. At night, the truck was kept in a secured lot at the roofing company yard. At 6:45 a.m. the next morning, the employee discovered the tools missing when he arrived at work. Youngs pawned the tools at the Happy Hocker Pawn Shop at 8:48 a.m.[1] that same morning for $25, one half of the resale value of the tools, which was the usual practice in the pawnbroker business. Youngs offered no explanation at trial for his possession of the tools.
Youngs argues that the evidence was insufficient as a matter of law to establish that he knew or should have known that he pawned stolen property. Responding to this argument, the state relies on section 812.022(2), Florida Statutes, which provides:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
In Jackson v. State, No. 98-1171, 736 So.2d 77 (Fla. 4th DCA 1999), we held that in Chapter 812 theft and dealing in stolen property cases, section 812.022(2) adopts the common law rule of circumstantial evidence set forth in State v. Graham, 238 So.2d 618 (Fla.1970). In Graham, the supreme court held that
[pjroof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.
Id. at 621 (citation omitted).
In this case, Youngs’s pawning of the property at the earliest possible opportunity after the theft is the type of “other proof’ of guilty knowledge within the contemplation of Graham. He was not merely in possession of the tools. In selling the property as soon as the pawn shop opened *87 in the morning, Youngs’s conduct was similar to that of the defendant in Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985), who tried to sell pieces of aluminum to a scrap metal dealer on the morning after aluminum sailboat parts had been stolen from a marine dealer. The second district pointed to this fact in ruling that the evidence was sufficient to support the guilty verdict for dealing in stolen property. See id. at 397. In addition, the timing of Youngs’s possession after the theft is significant. Unexplained possession of stolen property in the early morning, after a nighttime theft, is another facet of proof, in addition to the section 812.022(2) inference, which supports the conviction. See D.G. v. State, 547 So.2d 295, 296 (Fla. 3d DCA 1989); S.P.L. v. State, 512 So.2d 1153 (Fla. 1st DCA 1987).
This case is distinguishable from Valdez v. State, 492 So.2d 750 (Fla. 3d DCA 1986). In that case, the defendant offered an “unrefuted, exculpatory, and not unreasonable explanation of his possession” of the stolen items. Id. at 752 (quoting R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981)). Here, Youngs offered no such explanation.
On the remaining issue, we find no error in the sentencing of Youngs as an habitual offender.
AFFIRMED.
KLEIN and HAZOURI, JJ„ concur.

. On appeal, this court must review the evidence in the light most favorable to the state. The pawnbroker did not remember the deal, and believed that it occurred at night. He testified that although someone is in the pawn shop at 8:00 a.m., that they did not usually do pawns before 9:00 a.m. For the shop to have taken in merchandise at 8:48 a.m., "would have been an extremely unusual thing to do.” However, the pawn slips were generated by a computerized system. The investigating detective testified that the "0848” appearing on the slip was "military time” for 8:48 a.m. Although an early objection to the detective’s testimony regarding the time on the pawn slip was sustained, the detective later testified concerning the timing of the pawn without objection.