KLEIN, J.
Appellant was convicted of dealing in stolen property and argues that the state failed to prove a prima facie case. We affirm.
About ten days after a car radio was stolen, appellant pawned the stolen radio. Appellant was required to, and did, sign a form attesting that he owned the radio. The pawn broker testified that appellant explained that he was upgrading the radio in his car.
A police officer testified that he obtained the serial number of the stolen radio from the owner and, by running it through the computer, located it at the pawn shop. The officer then contacted appellant and appellant told the officer that he had pawned the radio for a friend.
Appellant argues that the state failed to rebut his reasonable hypothesis of innocence, which was that he was pawning the *1181 radio for a friend. He relies on State v. Graham, 238 So.2d 618 (Fla.1970) for the proposition that mere naked possession is insufficient. Graham suggests circumstances which could corroborate naked possession in order to prove knowledge that the property was stolen.
1) unusual manner of acquisition; 2) attempts at concealment; 3) contradictory statements; 4) goods sold at less than their fair market value; 5) possession of other stolen property; and 6) other incriminating evidence or circumstances that may lead to the imputation of knowledge.
In the present case, appellant did make contradictory statements to the pawn broker and the police, as well as falsely stating on the form that the radio was his own property. We therefore find no error in allowing this case to go to the jury. We have considered the other issue raised by appellant and find it to be without merit. Affirmed.
TAYLOR and HAZOURI, JJ., concur.