897 So.2d 517 (2005)
Warren S. KITTLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4256.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
*518 GROSS, J.
We affirm a conviction for grand theft, holding that the state offered proof of incriminating evidence and circumstances which, in conjunction with a statutory inference, were sufficient to support the conviction.
Dennis Zarate's house was burglarized some time after 5:00 p.m. on October 15, 2002. A neighbor called the police, who responded but recovered no fingerprints of value.
At around noon on October 16, Agent Michael Mann of the Florida Department of Law Enforcement was leaving his residence when he spotted an unfamiliar vehicle in his neighbor's driveway. Mann saw two men standing by the car, but left for work. Suspicious, Mann returned to his house a short while later and observed the same vehicle in his own driveway, with the men exiting the car. The driver of the automobile[1] saw Mann, got back in his car, and drove away. Mann followed in his unmarked vehicle.
As Mann followed, the car sped up and tried to elude him. Appellant, Warren Kittles, slouched down in the passenger seat, repeatedly opened the console and looked back over his shoulder in Mann's direction. Mann contacted the Coral Springs Police Department. After Kittles' vehicle made a u-turn, Mann made a traffic stop. He waited for the Coral Springs Police to arrive.
When the police came to the scene, Kittles gave the officers permission to search the vehicle. Officer Russell Hatfield arrived and was unable to determine the owner of the automobile because the tag did not match the car. Although Kittles claimed the vehicle belonged to him, the VIN number did not match his name. In the console, the police noticed jewelry, including rings and bracelets which were covered by clothing. Kittles told the police the jewelry belonged to his sister.
Zarate identified the jewelry retrieved as belonging to him and his wife. Two rings were high school graduation rings from 1968 and 1969. Other items included a Marine Corps ring Zarate received in 1968 and a Colgate-Palmolive employee Hall of Fame ring given to Zarate in 1987. Both Zarate's high school and Colgate rings were inscribed with his name.
The jury found Kittles not guilty of burglarizing the Zarates' home, but guilty of grand theft.
Kittles first argues that the trial court erred in denying his motion for judgment of acquittal. He reasons that the state failed to establish a prima facie case of guilt because the state's only evidence was that he possessed recently stolen property, and that "something more" was required to prove guilty knowledge.
The trial court did not err in denying the motion for judgment of acquittal. The state relied on section 812.022(2), Florida Statutes (2002), to establish that Kittles knew or should have known that the jewelry was stolen. This section provides:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
In Bertone v. State, 870 So.2d 923, 924 (Fla. 4th DCA), review denied, 889 So.2d 72 (Fla.2004), we described the operation of the section 812.022(2) statutory inference:
In Jackson v. State, 736 So.2d 77, 83-84 (Fla. 4th DCA 1999), we held that the circumstantial evidence rule of State v. Graham, 238 So.2d 618 (Fla.1970), applied to the inference of guilty knowledge created by section 812.022(2). In *519 Graham, the supreme court held that the unexplained possession of recently stolen property, and nothing more, was insufficient to support a conviction for buying, receiving, or aiding in the concealment of stolen property.[2] The supreme court wrote that:
[p]roof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.
238 So.2d at 621 (citation omitted). A line of cases following the reasoning of Graham holds that a section 812.022(2) inference, without more, is legally insufficient to support a guilty verdict, in the face of an unrefuted, exculpatory, and not unreasonable explanation offered by the accused for his or her possession of the goods in question.
(emphasis added) (footnote omitted).
This case demonstrates the "other incriminating evidence and circumstances" that accompanied the statutory presumption to demonstrate guilty knowledge as required under Bertone and Graham. While he was following Kittles and his friend, Agent Mann observed the car trying to elude him while Kittles slouched down and moved items into the console. Kittles explanation that his sister had given him the stolen jewelry was patently unreasonable in light of the markings on the rings and his possession of the items within no more than eighteen hours of the burglary.
Kittles next argues that the trial court erred in admitting collateral crime testimony concerning loitering and prowling and the casing of Agent Mann's home. However, the conduct of being in a residential driveway at high noon is not a "crime" within the meaning of section 90.404(2)(a), Florida Statutes (2002). Loitering and prowling under section 856.021(1), Florida Statutes (2002) involves conduct that occurs "in a place, at a time or in a manner not usual for law-abiding individuals." This element "requires `conduct which comes close to, but falls short of, the actual commission or attempted commission of a substantive crime and which must be alarming in nature, pointing toward an imminent breach of the peace or threat to public safety.'" Battle v. State, 868 So.2d 587, 588 (Fla. 4th DCA 2004) (quoting E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999)).
Agent Mann's testimony is properly analyzed not under section 90.404(2)(a), but under section 90.402, Florida Statutes (2002), which states that all relevant evidence is admissible. Relevant evidence is defined as evidence "tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2002). Agent Mann's testimony concerning Kittles' behavior in the driveway was arguably relevant to show Kittles's guilty knowledge concerning the stolen jewelry, in combination with the section 812.022(2) statutory inference.
We have considered the other points raised and find no error.
Affirmed.
KLEIN and MAY, JJ., concur.
NOTES
[1] Other than being identified as Carlin Desiree, the driver was not discussed at trial.
[2] As this court noted, the reasoning in Graham applies equally to theft charges.