954 So.2d 692 (2007)
Khareem KERR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3103.
District Court of Appeal of Florida, Fourth District.
April 18, 2007.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
*693 Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
When a person has possession of property known to have been recently stolen the law recognizes two rebuttable presumptions arising from such possession: (1) a common law presumption that the possessor stole the property, see State v. Young, 217 So.2d 567, 571 (Fla.1968) ("In the case of possession of recently stolen goods . . . the inference that the possessor is the guilty taker is so strong that the rules of evidence permit the jury to return a verdict of guilty on this one circumstance alone if the defendant allows it to go to the jury either unexplained or with an explanation that is so palpably unreasonable and incredible that the jury rejects it entirely"); and (2) a statutory presumption that the possessor knew the property had been stolen, see § 812.022(2), Fla. Stat. (2005) ("proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen"). When the charge on trial is burglary of a conveyance, as here, there are two special statutory presumptions that may apply, one creating a presumption of breaking or entering with intent to commit an offense,[1] and another creating a presumption of knowledge that the vehicle had been stolen.[2]
In this case, the Owner of a 1983 BMW automobile[3] was working on his car on his front lawn. When he finally got the engine started, he left it running while he ran inside to fetch water for the cooling system. Returning with the water, he discovered that the car was missing. He reported it stolen. Two days later a neighbor called him to tell him that he had found the car in a back alley. When Owner went to retrieve his car he noticed that parts were missing, that the car would no longer run.
Early in the morning after the theft, a police officer received a complaint that a person was removing parts from an automobile. When the officer arrived at the scene, he saw defendant under the hood of a car, attempting to remove parts from it. He asked defendant who he was and what he was doing. Defendant lied about his identification and told him that this was the only time he had to work on his car. There were several new mechanics tools and latex gloves in and around the car.[4] When the officer checked the license tag *694 with dispatch, the information received was the car was registered to Owner.
Defendant, who was only 17, testified that he was working on the car at that late hour because he had just purchased it  it was his first car  and was excited about working on it. He testified that he bought the car for $500 from someone he had just met playing basketball. Even though it seemed suspicious, he was excited to get his first car and did not think he had any reason to question the sale. He admitted that did not receive any paperwork for the car. He said that the car was inoperable but he was not concerned because his uncle was a mechanic and could help him fix it up. He denied removing parts from the car, explaining that he was just trying out some recently purchased tools to make sure that they would work. The car was in the location where it was ultimately found by the police, just around the corner from defendant's house and across the street behind a building from Owner's home.
Ordinarily, the presumptions vanish when contradictory evidence is presented by the defense and would become  by themselves  insufficient to sustain a conviction. See e.g. Bertone v. State, 870 So.2d 923 (Fla. 4th DCA 2004), review denied, 889 So.2d 72 (Fla.2004) (conviction for dealing in stolen property reversed when evidence that defendant pawned and later retrieved two stolen saws from the pawn shop was insufficient; statutory inference alone could not establish guilt when defendant gave unrefuted, patently reasonable explanation for his possession); see also Dellechiaie v. State, 734 So.2d 423, 425 (Fla. 2d DCA 1998) (presumption that defendant knew property was stolen was dispelled by defendant's explanation of how he came to possess car, which was not facially unreasonable or in any way refuted; evidence legally insufficient to sustain conviction); M.M. v. State, 547 So.2d 139 (Fla. 1st DCA 1989) (conviction reversed where state relied solely on presumption that possession of recently stolen property gave rise to an inference of guilt of theft; no other incriminating evidence was presented and defendants explanation was reasonable, unrefuted, and exculpatory); R.A.L. v. State, 402 So.2d 1337, 1337 (Fla. 3d DCA 1981) (juvenile's unrefuted, exculpatory and not unreasonable explanation of his possession that he bought stolen moped at flea market rendered State's case insufficient to establish guilt as a matter of law). In other words, once the defense has offered evidence of an explanation that is facially reasonable, the burden of proof remains on the state to prove guilt beyond a reasonable doubt with evidence inconsistent with defendant's facially reasonable explanation.
When a defendant's explanation is not indisputably reasonable and requires an assessment of credibility and other factors, the presumption may not vanish entirely. Haugabrook v. State, 827 So.2d 1065, 1069 (Fla. 2d DCA 2002) (defendant's explanation for possession of stolen property was not patently reasonable, thereby requiring jury resolution); Smith v. State, 742 So.2d 352, 354-55 (Fla. 5th DCA 1999) (inference that possessor knew that property was stolen operates when possession is unexplained or explanation given is unsatisfactory); Wilson v. State, 884 So.2d 74, 76 (Fla. 2d DCA 2004) (significant discrepancy at trial between defendant's testimony and a detective's testimony undermined defendant's credibility so that his explanation for possession of stolen property was arguably reasonable and not patently reasonable).
In this case, we hold that the state met its burden and thus affirm the conviction for burglary of conveyance. The factors adduced by defendant  his statement *695 that he bought the car from someone he just met playing basketball and that he received no receipt, bill of sale or evidence of title  are not facially plausible. Also he lied to the officer about his identity. His explanation is not entirely reasonable, being only partially plausible but equally implausible. It is up to the jury to assess such an explanation. If the jury concludes that the explanation does not raise a reasonable doubt, then the presumption is prima facie proof of the charge of burglary of a conveyance. Because the jury did not accept defendant's explanation as reasonable, the inference is enough to sustain the conviction.
Affirmed.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] § 810.07(1), Fla. Stat. (2006) ("In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense."); see also T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992) ("unexplained possession of recently stolen property is not only sufficient to support theft conviction, but when burglary necessarily occurs as adjunct, inference of guilt from unexplained possession of recently stolen goods also supports conviction for burglary").
[2] § 812.022(6), Fla. Stat. (2006) ("Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.").
[3] The odometer reading was over 100,000 miles.
[4] The owner later testified that several of the tools found actually belonged to him.