GROSS, C.J.
 

 We affirm appellant’s convictions
 
 of
 
 dealing in stolen property and giving false verification of ownership to a pawnbroker.
 
 See
 
 §§ 812.019(1), 539.001(8), Fla. Stat. (2007). Various cleaning tools worth over $5,000 were stolen one night from the victim’s business; they were pawned at 2:00 p.m. the next afternoon for $250. At trial, appellant said that he had bought the items at “a swap meet in Lake Worth” for $1,200 in cash. He offered no documentary proof of the purchase.
 

 Along with the statutory presumption, there was sufficient evidence to create a jury question of whether appellant knew or should have known that the pawned items were stolen.
 
 See
 
 § 812.022(2) and (3), Fla. Stat. (2007).
 
 [1]
 
 Appellant pawned the items within hours of the theft.
 
 Cf. Bertone v. State,
 
 870 So.2d 923, 924 (Fla. 4th DCA 2004). His story of how he came into possession of the machines was not patently reasonable.
 
 Id.; see also Kerr v. State,
 
 954 So.2d 692, 694 (Fla. 4th DCA 2007) (where court wrote that “[wjhen a defendant’s explanation is not indisputably reasonable and requires an assessment of credibility and other factors, the [statutory] presumption may not vanish entirely” after a defendant testifies). It is highly
 
 *9
 
 unusual to purchase items for $1,200 in cash to be used within hours as security for a high interest, $250 loan.
 

 On the remaining issue, we find that the victim’s testimony that the pawned machines were stolen from his store renders the admission of the detective’s hearsay testimony about ownership to be harmless error.
 

 DAMOORGIAN and GERBER, JJ., concur.
 

 [1]
 

 . Section 812.022(2) and (3) provide:
 

 (2) [P]roof of possession of property recently stolen, unless satisfactorily explained, gives rise lo an inference that the person in possession of the property knew or should have known that (he property had been stolen.
 

 (3) Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that (he person buying or selling the properly knew or should have known that the property had been stolen.