SUAREZ, J.
 

 The defendant, Jorge Morales (“Morales”), appeals convictions and sentences for grand theft auto and fleeing or eluding a police officer. We find that there was substantial competent evidence to support the jury’s verdict and affirm.
 

 On May 24, 2005, after following Morales for two blocks and observing him drive the wrong direction on a one-way street, City of Miami Police Officer Crock-er attempted to pull over the defendant’s vehicle with the use of his emergency lights. Before attempting to stop Morales, Officer Crocker ran the license plate from the defendant’s vehicle and learned that it had been reported stolen. As the Officer opened his car door to exit his vehicle, the defendant sped away, running through a red light. Officer Crocker followed him with his lights and siren on until the defendant came to a stop in a parking lot. Officer Crocker approached with his gun drawn and ordered the defendant out of the car and to lie fiat on the ground. The defendant resisted. The officer opened the door and pulled the defendant out of the vehicle. The defendant curled up in a ball, flailing his arms, making it difficult for the officer to put handcuffs on him. The defendant told Officer Crocker that he had gotten the car from a friend. The Officer observed a broken steering column, wires sticking out of the ignition and that the ignition had been removed. Officer Crocker was unable to turn off the vehicle and it had to be towed while the engine was running. The defendant was charged with third-degree grand theft of a vehicle in violation of section 812.014(2)(c)(6), Florida Statutes (2004), willfully fleeing or attempting to elude a police officer in violation of section 316.1935(1), Florida Statutes (2004) and resisting an officer without violence in violation of section 843.02, Florida Statutes (2004).
 

 
 *124
 
 At trial, the owner of the vehicle testified that the car the defendant was driving belonged to him and that it had been reported stolen since approximately May 1, 2005. It was returned to him approximately three weeks later with a hole in the ignition in an undriveable condition. After the State rested its case, the defendant moved for judgment of acquittal, and after defense counsel rested, he renewed his motion. The trial court denied the motions. The jury returned a guilty verdict on all counts. After the original sentence was vacated allowing for a suspended sentence on Count 3, the defendant was resentenced to 85.54 months in prison followed by two years community control followed by three years’ probation.
 

 On appeal, Morales contends that the evidence was insufficient to support the convictions for grand theft auto and fleeing or eluding. He contends that the evidence was circumstantial and did not refute the reasonable hypothesis of innocence — that the car was not stolen when the defendant drove it and that, even if it were, the defendant had no knowledge that it was stolen.
 
 [1]
 
 Further, he argues that the State presented no evidence that Morales willfully fled with knowledge that Officer Crock-er ordered him to stop.
 

 On review of a motion for judgment of acquittal, the standard is de novo.
 
 Pagan v. State,
 
 830 So.2d 792 (Fla.2002). If a conviction is based wholly on circumstantial evidence, there must be sufficient evidence establishing each element of the offense, and the evidence must exclude the defendant’s reasonable hypothesis of innocence.
 
 Pagan,
 
 830 So.2d at 803. If the State presents both direct and circumstantial evidence, sufficient evidence exists to sustain a conviction if, after viewing all of the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.
 
 Banks v. State,
 
 732 So.2d 1065 (Fla.1999).
 

 In this case, the State presented direct evidence in the form of testimony from Officer Crocker that the defendant stopped briefly when the officer’s emergency lights were activated and then drove away at a high rate of speed going through a red light. There was also direct evidence that the defendant continued to flee from Officer Crocker after the officer activated his emergency lights and siren pursuing him until he came to a stop in a parking lot. Such evidence has been held sufficient to sustain a conviction, under section 316.1935(1), Florida Statutes (1983), for willfully fleeing in an attempt to elude an officer.
 
 See Jackson v. State,
 
 463 So.2d 372 (Fla. 5th DCA 1985). The defendant’s reasonable hypothesis of innocence, that he stopped for a red light and did not know that the officer had ordered him to stop is refuted by the record facts and Officer’s testimony sufficient to support a jury determination that Morales had knowledge that he had been directed to stop his vehicle by a police officer and willfully refused to do so.
 
 Jackson,
 
 463 So.2d at 373 (holding evidence sufficient “to support jury determination that Jackson had knowledge that he had been directed to stop his vehicle by a police officer and willfully refused to do so” where officer approached defendant who got into vehicle and fled, followed by patrol cars with lights flashing, and stopped and drove off again, while officers pursued him with sirens on until vehicle came to a stop).
 

 
 *125
 
 There was circumstantial evidence presented as to the grand theft count sufficient to rebut the defendant’s reasonable hypothesis of innocence that he was not driving a stolen car at the time of the accident. Officer Crocker testified that he ran the tag of the vehicle and that the information came back showing that it had been stolen. In addition, the defendant was observed driving the wrong way on a one-way street and he ignored the Officer’s signal to pull over. The defendant took off when the officer approached his vehicle and, although being pursued by the Officer with his siren on at a full rate of speed, Morales ran through a red light and traveled several blocks before stopping. He resisted the officer when the officer attempted to remove him from the vehicle. In addition, Officer Crocker observed that the ignition in the vehicle had been completely removed and that there were wires hanging from it. The vehicle had to be towed while the engine was still running. The defendant’s reasonable hypothesis of innocence that the car belonged to a friend is refuted by the fact that he could not provide the name or address of the friend, and the owner of the vehicle testified that the vehicle had been missing for approximately three weeks after it had been stolen. Unless satisfactorily explained, proof of possession of recently stolen property gives rise to an inference that the person in possession of the property knew, or should have known, that it was stolen.
 
 See
 
 § 812.022(2), Fla. Stat. (2009). “It was up to the jury to weigh the [defendant’s] explanation for possessing the car and decide whether to accept the correctness of the inference.”
 
 Bozeman v. State,
 
 931 So.2d 1006, 1007-08 (Fla. 4th DCA 2006); citing
 
 Scobee v. State,
 
 488 So.2d 595 (Fla. 1st DCA 1986) (upholding conviction for grand theft auto and rejecting defense that defendant did not know car was stolen where patrolling officer observed defendant’s recently stolen vehicle with headlights off, steering column damaged and keyless ignition).
 

 The trial judge correctly determined that, beyond a reasonable doubt, the jury could find that, viewing the evidence in a light most favorable to the State, the State proved all of the elements of the crimes of grand theft auto and willfully fleeing or eluding a police officer.
 

 Affirmed.
 

 [1]
 

 . The State argues that the defendant’s reasonable hypothesis of innocence argument was not properly preserved below with an objection on specific grounds and therefore it was not preserved for appellate review. In an abundance of caution, we address the argument.