WARNER, J.
L.S. appeals adjudications for carrying a concealed firearm, grand theft of a firearm, improper exhibition of a firearm, resisting arrest without violence, and possession of a firearm by a minor. He claims that the trial court erred in denying his motion for judgment of dismissal on the grand theft charge, because the state failed to prove appellant stole the firearm in question. As we conclude that the state relied solely on the presumption of possession of recently stolen property to establish the crime, and the property was not recently stolen, we reverse his adjudication for grand theft. We affirm his adjudication for carrying a concealed firearm, rejecting his claim that section 790.22(3), Florida Statutes (2011), restricting the right of minors to carry firearms, is unconstitutional.
Someone burglarized the home of a Miami-Dade police officer on September 3, 2010, and his off-duty firearm was stolen. Almost six months later, on February 26, 2011, another officer saw a crowd of juveniles leaving a music festival in Fort Laud-erdale. As the officer followed the crowd, the group disbursed leaving only one person standing with a gun raised in the air. The officer identified sixteen-year-old L.S. as the person with the gun. Ultimately, L.S. was stopped by the police. The detective seized a loaded gun from L.S.’s pocket. At the adjudicatory hearing, the Miami-Dade officer identified the gun taken from L.S. as the gun that was stolen from his residence.
The state offered no evidence to support the charge that L.S. stole the firearm other than the provision of section 812.022(2), Florida Statutes (2011), which provides that possession of recently stolen property gives rise to the presumption that the possessor stole the property. The court adjudicated L.S. on all the charges against him, including the two which are the subject of this appeal, namely the grand theft of the firearm and carrying a concealed weapon. L.S. appeals, challenging his adjudications for grand theft and carrying a concealed firearm.
*57 I. Adjudication of Theft Based on Possession of Recently Stolen Property
L.S. contends that there was insufficient proof to support the grand theft conviction, because the state failed to prove that he was in possession of recently stolen property. We review de novo the denial of a dismissal of charges in a juvenile proceeding based upon legal insufficiency. Dumais v. State, 40 So.3d 850, 852 (Fla. 4th DCA 2010).
Section 812.014(l)(a), Florida Statutes (2011), provides, “A person commits theft if he or she knowingly obtains or uses ... the property of another with intent to, either temporarily or permanently ... [djeprive the other person of a right to the property....” Section 812.022(2), Florida Statutes (2011), provides:
Except as provided in subsection (5), proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
What constitutes “recently stolen” property for the purposes of applying the presumption is the issue presented in this case, where L.S. was found with the stolen gun in Fort Lauderdale nearly six months after its theft.[1]
In Robinson v. State, 257 So.2d 300, 302 (Fla. 3d DCA 1972), the defendant was charged with knowingly buying a stolen firearm which the owner testified had been stolen “last year.” The state did not present evidence regarding how the defendant acquired the gun. The state argued that guilt should be presumed because the gun was found in her possession, and it was recently stolen. The Third District reversed the conviction because there was no evidence that the defendant received the gun with knowledge that it was stolen, and the gun did not qualify as being recently stolen property. The court stated:
Whether or not stolen property found in the possession of a person will be regarded as ‘recently stolen property’ in the context under discussion when it is shown to have been stolen a considerable period earlier, such as several months, or from six months to a year earlier, may depend on the nature of the property, the facility of its handling and transfer and other factors. See Burroughs v. State, 221 So.2d 159, 161 (Fla.App.1969).
Id. The court further stated that when property can be easily passed from hand to hand as easily as a pack of cigarettes it is less likely that the defendant knew that the property was stolen.
Few Florida cases have addressed this question as it applies to guns. Several out of state cases have addressed the issue. *58 In Hardage v. State, 552 S.W.2d 837, 839-40 (Tex.Crim.App.1977), the court held that a defendant’s possession of stolen property, including a couple of guns, seven months after a burglary was sufficiently recent to support conviction. The court noted, however, that the circumstances played heavily on its determination, concluding how unlikely it was that six of the eight items stolen would end up in appellant’s possession randomly. Thus, the court did not rely solely on the presumption. In Williams v. State, 93 Ark. App. 353, 219 S.W.3d 676, 679 (2005), the court held that defendant’s possession of a gun four months from the date it was stolen was not too remote to consider it recently stolen. On the other hand, in People v. Taylor, 25 Ill.2d 79, 182 N.E.2d 654, 656 (1962), the Illinois Supreme Court ruled that the defendant’s possession of a gun more than four months after a robbery in which the gun was stolen was not such recent possession to raise an inference of guilt of robbery, noting that a gun is easily transported and highly saleable.
We conclude that the state failed to prove that L.S. was guilty of grand theft based solely on the possession of the gun five months after its theft. We agree with the Illinois Supreme Court that guns are highly saleable and are in fact transferred with relative ease. What constitutes “recently stolen” sufficient to apply the legislative presumption must be construed with that transferability in mind. We reverse the adjudication for grand theft and direct the court to dismiss that charge.
II. Constitutionality of Section 790.22(3), Florida Statutes
L.S. argues that he was improperly convicted of a violation of section 790.22(3), for possession of a firearm by a minor, because that statutory provision is unconstitutional as a violation of the Second Amendment. He argues that in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), the U.S. Supreme Court determined that the right to bear arms is not limited to militia service and fully applies to the states. The Supreme Court held that D.C.’s complete ban on handgun possession in the home, by law-abiding citizens, was an unconstitutional infringement of the Second Amendment that would not survive any level of scrutiny. Id. at 2817-18. L.S. argues that the Second Amendment right is now a fundamental right that cannot be violated by state legislatures, including those statutes restricting possession of firearms by a juvenile. Florida has such a statute. Section 790.22(3) provides that “A minor under 18 years of age may not possess a firearm, other than an unloaded firearm at his or her home, unless: ... (a) [he] is engaged in a lawful hunting activity; ... (b) [he] is engaged in a lawful marksmanship competition or practice ...; or ... (c) [t]he firearm is unloaded and is being transported by the minor directly to or from an event authorized in paragraph (a) or paragraph (b).”
L.S. argues that there is no juvenile “exception” to the Second Amendment. But he overlooks the fact that the constitutional rights of children cannot be equated with those of adults because of the child’s inability to make decisions in an informed and mature manner. See Bellotti v. Baird, 443 U.S. 622, 634, 99 S.Ct. 3035, 3043, 61 L.Ed.2d 797 (1979). The Supreme Court has frequently approved limits on the constitutional rights of children. See, e.g., Ginsberg v. New York, 390 U.S. 629, 636-637, 88 S.Ct. 1274, 1278, 20 L.Ed.2d 195 (1968) (approving limitation of access to sexually explicit materials by minors over First Amendment claims); Bellotti, 443 U.S. at 634, 99 S.Ct. at 3043 (recognizing that the state may place some *59 restrictions on a minor’s right to seek an abortion); McKeiver v. Pennsylvania, 403 U.S. 528, 541, 91 S.Ct. 1976, 1984, 29 L.Ed.2d 647 (1971) (refusing to extend right to trial by jury in juvenile proceedings). While not mentioning juveniles, even the Supreme Court recognized in Heller that some limitations on the right to bear arms could be appropriate. 554 U.S. at 626, 128 S.Ct. 2783 (specifically upholding the “longstanding prohibitions on the possession of firearms by felons and the mentally ill”).
Likewise, in Florida the constitutional rights of children are not the same as those of adults and have not been treated the same under Florida law. Juveniles are not entitled to all of the constitutional rights possessed by adults. Juveniles in Florida cannot legally vote, Article VI, Section 2 of the Florida Constitution, or serve on a jury, section 40.01, Florida Statutes. Their right to marry is restricted. § 741.04, Fla. Stat. (2011). They cannot purchase sexually explicit materials, section 847.0138, Florida Statutes (2011), Simmons v. State, 944 So.2d 317 (Fla.2006), thus restricting their First Amendment rights. “The central rationale for finding diminished constitutional rights of minors, in limited circumstances, appears to be for the personal protection of the child or the personal protection of others from the acts of minors.” D.P. v. State, 705 So.2d 593, 604 (Fla. 3d DCA 1997). Restrictions on a minor’s possession of a firearm fit into that limited purpose.
The few cases to have addressed this issue across the country all have agreed that a state may restrict a juvenile’s right to possess a firearm. In State v. Sieyes, 168 Wash.2d 276, 225 P.3d 995, 1005 (2010), the court considered a Washington statute which limited a juvenile’s possession of a firearm comparable to the Florida statute. The court held that the statute did not violate the Second Amendment by providing restrictions on the right of minors to possess guns.
Similarly, in U.S. v. Rene E., 583 F.3d 8 (1st Cir.2009), the court upheld a federal law restricting a juvenile’s possession of a hand gun over the juvenile’s argument that the statute violated his Second Amendment rights, citing Heller. The court held that Heller did not render the statute unconstitutional as applied to juveniles, pointing out that it was narrowly drawn and had several exceptions which allowed juveniles to possess firearms under certain circumstances, such as for self-defense and defense of others while in the home, while hunting, during recreational shooting, and for National Guard duty. The court pointed out that state regulations reflected concerns that juveniles lack the judgment necessary to safely possess deadly weapons. It concluded that the statute, with its narrow scope and exceptions, did not offend the Second Amendment. 583 F.3d at 16.
 We agree with those cases which uphold statutes limiting a minor’s possession of a firearm. There is a strong presumption in favor of the constitutionality of statutes. State v. Kinner, 398 So.2d 1360, 1363 (Fla.1981). Section 790.22(3) places appropriate restrictions on a juvenile’s possession of firearms. We conclude that such restrictions are permissible under the Second Amendment.
For the foregoing reasons we reverse the adjudication for grand theft and direct L.S.’s discharge. We affirm the remaining adjudications.
GROSS and CIKLIN, JJ., concur.

. Our research has shown that in cases applying the section 812.022(2) presumption, the time between the theft and the defendant’s possession of the stolen item is typically very short. See e.g. Morales v. State, 35 So.3d 122, 125 (Fla. 3d DCA 2010) (three weeks); Wilkins v. State, 18 So.3d 8 (Fla. 4th DCA 2009) (fewer than twenty-four hours); Kerr v. State, 954 So.2d 692, 693 (Fla. 4th DCA 2007) (one day); Bronson v. State, 926 So.2d 480, 482 (Fla. 2d DCA 2006) (a few hours); Kittles v. State, 897 So.2d 517, 518 (Fla. 4th DCA 2005) (fewer than twenty-four hours); Bertone v. State, 870 So.2d 923, 924 (Fla. 4th DCA 2004) (one to two days); Wilson v. State, 884 So.2d 74, 75 (Fla. 2d DCA 2004) (a few hours); Jackson v. State, 736 So.2d 77, 79 (Fla. 4th DCA 1999) (four days); Youngs v. State, 736 So.2d 85, 86 (Fla. 4th DCA 1999) (fewer than twenty-four hours). The longest period of time between a theft and property found in possession of a defendant in which the state relied successfully on the presumption was three months. See Smith v. State, 742 So.2d 352, 354 (Fla. 5th DCA 1999).