# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1769
Lower Tribunal No. 15-9689

_____


**Francisco Quinones,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.


Before SALTER, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Francisco Quinones, was convicted of dealing in stolen property in violation of section 812.019(1), Florida Statutes, and providing false verification of ownership to a pawnbroker, in violation of section 539.001(8)(b), Florida Statutes. On appeal, Quinones contends: (1) the evidence was insufficient to support the denial of his motion for judgment of acquittal; and (2) the trial court erred in allowing questioning regarding his explanation for possession of the stolen property at issue. For the reasons set forth below, we affirm.

Less than ten days after two items of jewelry, inscribed with the victim's given name, surname, and nickname, were stolen during a move to a new residence, Quinones, who was unknown to the victim, used the jewelry as collateral to obtain a $440.00 loan from a pawnshop. During the transaction, appellant presented photographic identification, and signed and fingerprinted the requisite state-approved pawnbroker transaction form, confirming ownership of the items. Law enforcement officers involved in the routine review of local pawnbroker transactions noted the personalized nature of the jewelry and easily made contact with the victim. Quinones was just as swiftly identified through his photographic identification and fingerprint, and was detained for questioning. After waiving his Miranda[1] rights, Quinones denied ever possessing or pawning the jewelry.

Under these facts, we find the trial court did not err in denying the motion for judgment of acquittal, as competent, substantial evidence, apart from mere unexplained possession, supported the verdict of the jury. Specifically, witness testimony established that both jewelry items were stored together and engraved with personalized markings. These factors, combined with Quinones's possession of both items, jointly, in close proximity to the time of the deprivation of ownership, and his demonstrated effort to dispose of the items through a second-hand market in which goods tend to be undervalued, were sufficient to allow the trier of fact to infer that Quinones knew or should have known the jewelry was stolen. See § 812.022(2), Fla. Stat. (2018) ("[P]roof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen."); Blackmon v. State, 121 So. 3d 535, 550 (Fla. 2013) ("The reasonableness of the defendant's explanation is generally a question of fact for the jury.") (quoting Smith v. State, 742 So. 2d 352, 355 (Fla. 5th DCA 1999)); Kittles v. State, 897 So. 2d 517, 519 (Fla. 4th DCA 2005) ("[Defendant's] explanation that his sister had given him the stolen jewelry was patently unreasonable in light of the markings on the rings and his possession of the items within no more than eighteen hours of the burglary."); Wilson v. State, 884 So. 2d 74, 76 (Fla. 2d DCA 2004)

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

(significant discrepancy at trial between defendant's testimony and a detective's testimony undermined defendant's credibility so that his explanation for possession of stolen property was "arguably reasonable" and not "patently reasonable"); Haugabrook v. State, 827 So. 2d 1065, 1069 (Fla. 2d DCA 2002) (finding defendant's explanation for possession of stolen property was not patently reasonable, thereby requiring jury resolution); T.S.R. v. State, 596 So. 2d 766, 767 (Fla. 5th DCA 1992) ("[U]nexplained possession of recently stolen property is not only sufficient to support a theft conviction but when burglary necessarily occurs as an adjunct, the inference of guilt from the unexplained possession of recently stolen goods also supports a conviction for the burglary."); Coleman v. State, 466 So. 2d 395, 397 (Fla. 2d DCA 1985) ("[The defendant], whose credibility was impeached by his admission that he had been convicted of three prior felonies, was found trying to sell the stolen items just a few hours after they had been stolen. To accept [the defendant's] explanation, it would have to be assumed that someone went to the trouble to steal the sailboat parts from fenced-in premises and yet discarded them in a dumpster shortly thereafter. Moreover, [the defendant] provided no corroboration for his statement that he was in the junk business. The jury was entitled to conclude that [the defendant's] explanation was unsatisfactory."); cf. Valdez v. State, 492 So. 2d 750, 752 (Fla. 3d DCA 1986) (reversing conviction where the defendant offered an "unrefuted, exculpatory, and

4

not unreasonable explanation of his possession of" the stolen items) (quoting R.A.L. v. State, 402 So. 2d 1337, 1337 (Fla. 3d DCA 1981)).

We further conclude that reference to the appellant's post-Miranda statements did not improperly shift the burden of proof. See State v. Young, 217 So. 2d 567, 571 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S. Ct. 112, 24 L. Ed. 2d 101 (1969) ("It can be seen, therefore, that the rule of evidence respecting possession of recently stolen goods is no different, in kind, from the rule respecting the probative value of any other circumstantial evidence. Flight, concealment, resistance to a lawful arrest, presence at the scene of the crime, incriminating fingerprints-the whole body of circumstantial evidence relevant in a given case-are all incriminating circumstances which the jury may consider as tending to show guilt if evidence thereof is allowed to go to the jury unexplained or unrebutted by evidence of exculpatory facts and circumstances."); see also Walker v. State, 896 So. 2d 712, 713 (Fla. 2005) (finding that in a prosecution for burglary, an instruction on inferences arising from proof of unexplained possession of recently stolen property did not violate the defendant's right to remain silent or impermissibly shift the burden of proof).

Affirmed.